### TEXAS CENTRAL RAILROAD COMPANY v. W. J. ANDREWS.

Decided March 29, 1902.

**1.—Personal Injury—Verdict Sustained.**

The fact that there was evidence in a personal injury case tending to show that plaintiff had exaggerated his pain and injury is held not to authorize the appellate court to disturb a verdict the amount of which is warranted by the injury and the extent of the suffering it entailed.

**2.—New Trial—Settlement of Case.**

Where, pending a trial of a personal injury case, the plaintiff and defendant settle the case and leave the county without calling the court's attention to the settlement, and plaintiff's attorneys, who have a contract interest in the recovery, prosecute the case to trial, the settlement is not ground for granting defendant a new trial.

**3.—Personal Injury Claim—Contract and Assignment to Attorneys—Compromise.**

Where plaintiff contracted in writing with attorneys to file and prosecute in his name a suit for personal injury, assigning to them a certain per cent of the claim for their fee, a compromise of the suit so brought made between the client and the defendant who had knowledge of such contract was effectual only as to the unassigned interest of the client.

Appeal from Comanche. Tried below before Hon. N. R. Lindsey.

*J. A. Kibler, Hutchinson, Presler & Hutchinson,* and *Clark & Bolinger,* for appellant.

*Wynne, McCart & Bowlin* and *J. E. McCarty,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a verdict and judgment for $1500 in a personal injury case, and is submitted on four assignments of error, all complaining of the refusal of the trial court to grant a new trial.

The first complaint is that the amount of the verdict is excessive, and the second that the verdict was procured by fraud; but both must be overruled. The evidence tended to show, and warranted the finding, that appellee sustained a painful injury, termed by the medical experts "incomplete hernia," as a result of his fall from a moving train, due to the negligence of appellant. It matters not that the charge submitted only "physical pain and mental anguish" as the elements of damage, if the pleadings and evidence included other grounds of recovery. Besides, unless the case was one of feigned injury and pain, as claimed in the second assignment, appellee's suffering must have been considerable, and was perhaps of itself sufficient to warrant the verdict; and while there were circumstances tending to show that appellee had exaggerated his pain and injury, we would not be warranted in disturbing the verdict upon this ground.

The remaining assignments complain of the court's refusal to grant a new trial in so far as it was applied for on the ground of a compromise of the suit pending the trial, and of newly discovered evidence,

consisting of the written admissions of appellee made as a part of, or at lease in connection with, the compromise. The answer to this complaint is that no sufficient excuse was offered for not presenting this matter to the court before the case was submitted to and determined by the jury. It was shown on the hearing of the motion for new trial that pending the introduction of testimony one of appellant's agents cmpromised the case with appellee in person by paying him $750 and agreeing to pay the costs of suit in full satisfaction of the demand, and that appellee and this agent at once and hurriedly left the county, without referring the matter to the court, as might have been done, before verdict. The excuse for this course was not such as to commend itself to the court, and the motion for new trial was, we think, properly overruled, especially as appellant had placed itself in the awkward position of asking the court to allow it another trial of what it had thus already settled. The motion, however, and with a better show of reason, sought as alternative relief to have the judgment ordered satisfied upon its paying all costs of suit; which we think the terms and scope of the compromise would have warranted the court in granting—the judgment being still under his control—if appellee had not already divested himself of the right to make such a compromise. This brings us to the only difficult question in the case.

Before this suit was instituted appellee entered into the following written contract with his attorneys, of which appellant had notice, since it was not only filed with the petition but also made the basis of its special plea of non-joinder of parties: "Know all men by these presents, that I, W. J. Andrews, of the county of Erath, and State of Texas, do hereby employ Wynne, McCart & Bowlin, attorneys at law, at Fort Worth, Texas, to bring suit for me and in my name in the District Court of Comanche County, against the Texas Central Railroad Company, for damages sustained by me through the negligence of said railroad company on or about the 21st day of November, 1900, and for the services rendered and to be rendered by the said attorneys in said case, I hereby agree to give them 40 per cent of all damages recoverd, either by suit or compromise in said case, and I hereby assign and transfer to them a 40 per cent interest in all the damages that I sustained by reason of the premises on account of said injuries as their fee in said cause. Witness my hand this 17th day of January, 1901. (Signed) W. J. Andrews."

We construe this contract to be not only an assignment of a part of the cause of action declared on, but also to give the assignees the right, in effect exercised in this case, to prosecute it to judgment in the name of the assignor. It is clear from the language of the entire instrument that only one damage suit was to be brought on account of the injuries sustained by appellee and that this suit was to be prosecuted in his name, and that the assignees as owners of so much of the cause of action would be entitled to 40 per cent of the judgment recovered in such suit. As to the construction and effect of such contracts, see Railway

v. Miller, 53 Southwestern Reporter, 709, and the cases there cited in the opinion of Justice Hunter. It was not, therefore, within the power of appellee to satisfy by compromise more than 60 per cent of the judgment rendered in this case, appellant having knowledge of the contract quoted above when the compromise was made. To the extent of the remaining 40 per cent the judgment inured to the benefit of his attorneys, and this right appellant as well as appellee was bound to respect. For a satisfactory discussion of this question in a somewhat similar case, except that the contract was not shown to have been made before the suit was filed, see the opinion of Justice Key in Bonner v. Green, 24 Southwestern Reporter, 835.

Our conclusion is that all the assignments of error should be overruled, but that 60 per cent of the judgment should be decreed satisfied and the rest affirmed, with costs of appeal taxed against appellant for not moving to thus modify the judgment in the trial court.

*Modified and affirmed.*

Writ of error refused.

Hunter, Associate Justice, did not sit in this case.