. O. R. SEITER v. TEMPLE D. SMITH ET AL.

No. 2230.   Decided May 8, 1912.

1.—Practice on Appeal—Assignment of Claim—Dismissal of Appeal—Jurisdiction.

Where an assignment in writing of a part of plaintiff's cause of action has been filed and noted on the docket of the court pending appeal, as required by article 4647, Revised Statutes, the assignee has the right to prosecute his claim to final judgment in the name of the assignor; the latter can not deprive him of this right by settlement of his entire claim and dismissal of his appeal. (Pp. 209, 210.)

2.—Same—Question of Fact.

Where a motion of appellant to dismiss his appeal in pursuance of a settlement of his claim is resisted by one claiming an assignment thereof filed and noted in accordance with article 4647, Revised Statutes, the appellate court has the power and duty, under article 998, Revised Statutes, to inquire into the facts, and to refuse such dismissal in case it is found that, prior to such settlement, the assignee had acquired an interest entitling him to prosecute the appeal in the name of the assignor. (Pp. 208-211.)

**3.—Same—Judgment.**

The dismissal of the appeal by a plaintiff from a judgment against him would leave such adverse judgment in force as to the entire claim sued on, and effective to bar a reassertion of it in whole or in part, by one claiming under an assignment from him after suit brought, and the prevention of such dismissal was necessary to securing his rights.  (Pp. 210, 211.)

Error to the Court of Civil Appeals, Third District, in an appeal from Llano County.

Seiter obtained writ of error on a judgment of the Appellate Court dismissing the appeal of Marschall from an adverse decision in his cross action in the trial court against Smith and others.

*O. K. Seiter,* in *pro. per.,* plaintiff in error.—That said answer raised a question of jurisdiction authorizing proof aliunde the record: Rev. Stats., art. 998; Cruger v. McCracken, 87 Texas, 584; Rowlet v. Williamson, 18 Texas Civ. App., 28; Hart v. Mills, 31 Texas, 304; Harris v. Hopson, 5 Texas, 529.

That petitioner was not a necessary party to the record, but had the right to prosecute his interest in said cause of action in the name of appellant: Rev. Stats., art. 4647; G. H. & S. A. Ry. Co. v. Mathews, 73 S. W., 411; I. & G. N. Ry. Co. v. Reeves, 35 Texas Civ. App., 162; Winston v. Masterson, 87 Texas, 200; M. K. & T. Ry. Co. v. Mitcham, 57 Texas Civ. App., 134; Oriental v. Barclay, 16 Texas Civ. App., 193; Railway Co. v. Scott, 28 S. W., 457.

That said assignment specifically permitted petitioner to prosecute his interest in said cause of action in appellant's name, and the latter was wholly without power to dismiss said appeal as to petitioner's interest in said cause of action: Texas C. Ry. Co. v. Andrews, 28 Texas Civ. App., 477; I. & G. N. R. Co. v. Reeves, 25 Texas Civ. App., 162; G. C. & S. F. R. Co. v. Miller, 21 Texas Civ. App., 609.

*J. H. McLean,* for defendants in error.—There is nothing in the record in this case to suggest that Seiter had any interest whatever in the subject matter of the suit; and before it can be made to appear that he has any such interest, various matters must be heard and determined—matters that can be tried only in a court of original jurisdiction.   The jurisdiction of this court, as well as of the Court of Civil Appeals, in so far as this case is concerned, is appellate only. Neither has any power under the law to determine matters of fact relative to substantive rights not made issues in the lower court. Chapters 3 and 13, Revised Statutes.

The Court of Civil Appeals having jurisdiction of the cause at the time of filing such contracts, it is doubtful if such filing in the District Court operated as constructive notice of such contract.   But if this filing did operate as constructive notice affecting the rights of parties in the Appellate Court, it would devolve upon plaintiff in error to allege and prove that the settlement agreement between the parties to the suit was made after such filing or with actual notice to the appellees of such contract.  G. C. & S. F. Ry. Co. v. Eldridge, 35 Texas Civ. App., 467.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

Temple D. Smith, Adolph Gold and Fred Walter, as partners, instituted this suit against Ernst Marschall and wife to recover the amount of a debt due them by Marschall, and for the foreclosure of a deed of trust lien upon certain real estate granted by Marschall and wife to secure its payment. The defendants by their answer resisted the foreclosure of the lien upon the ground that the real estate in question constituted their homestead; also contending that the note evidencing the alleged indebtedness was void because given in payment of usurious interest. By way of counterclaim, Ernst Marschall sought recovery against the plaintiffs for the amount of alleged usurious interest paid by him to the plaintiffs and for penalties under the statute. The trial resulted in a judgment for the plaintiffs for their debt, but without foreclosure of their lien, and against the defendant, Ernst Marschall, upon his counter-claim.

From this judgment Ernst Marschall perfected his appeal to the Court of Civil Appeals for the Third District.

The cause was submitted in that court on May 11, 1910, upon briefs filed by his attorneys of record, O. R. Seiter and J. H. Tallichet, Esquires, no briefs being filed in behalf of appellees. On June 16, 1910, before the case was passed upon by the Court of Civil Appeals, Ernst Marschall, the appellant, filed a motion to withdraw the submission and dismiss his appeal, upon the ground stated that prior to the submission the matters in controversy have been compromised and settled between the parties and it had been agreed by them that his appeal should be dismissed; that he had so notified his attorney, O. R. Seiter, Esquire, and instructed him to file such motion, which he had refused to do, resulting in the cause being submitted without appellant's knowledge or consent.

Messrs. Seiter and Tallichet filed a sworn answer in opposition to this motion, wherein it was set up that they had been employed by Marschall as his attorneys in the case, as evidenced by a written power of attorney duly executed and acknowledged, a certified copy of which was attached, by the terms of which in consideration for their services, he conveyed to them two-thirds of whatever amount might be recovered by judgment, compromise settlement, or otherwise, upon his counter-claim against the plaintiffs in the suit; that this instrument was filed in the papers of the case in the trial court, on or before March 7, 1910 (which was after judgment had been rendered and the appeal perfected), and a notation thereof made upon the margin of the minutes of the trial court, where the judgment was recorded; that on or before March 17, 1910, they filed briefs for the appellant both in the trial court and the Court of Civil Appeals; and that on April 7, 1910, Marschall for the first time requested his attorney, O. R. Seiter, to dismiss the appeal. They alleged that they were the sole and unconditional owners of an undivided two-thirds interest in the cause of action alleged against the plaintiffs in the suit, which interest had never been compromised or settled; and prayed that Marschall's motion to withdraw the submission and dismiss the appeal be denied. While the answer of Messrs. Seiter and Tallichet was filed after the submission of

Marschall's motion, it was considered by the Court of Civil Appeals. The court sustained Marschall's motion, and accordingly set aside the submission and dismissed the appeal. The case is here to review its action on writ of error prosecuted by O. R. Seiter alone, Mr. Tallichet having withdrawn from it and disclaimed any interest in the subject matter, without prejudice to the former's rights, after the motion for rehearing was filed in the Court of Civil Appeals.

The sworn answer and opposition of the plaintiff in error Seiter to Marschall's motion to dismiss the appeal is to the effect that the instrument in virtue of which the latter conveyed to Messrs. Seiter and Tallichet a two-thirds interest in the cause of action asserted in the suit by Marschall against the plaintiffs, here the defendants in error, was filed in the papers in the case in the trial court and notation thereof made upon the minutes where the judgment was recorded, on or before March 7, 1910. This seems to be admitted in the brief and argument filed in behalf of defendants in error. Marschall's motion to dismiss the appeal, the ground of which was that the matters in controversy had been settled between parties, does not make it plain when the settlement occurred, though it would appear to have been subsequent to March 7, 1910, as the allegation in this respect in the motion only is that it was made "prior to the submission of said cause in the Honorable Court of Civil Appeals." It should be stated, however, that this is not conceded by defendants in error. Neither is it denied, the statement of counsel for defendants in error in his brief being that the settlement was *agreed to* prior to the filing by Seiter of the instrument of conveyance in the trial court, and without any actual notice upon the part of defendants in error of the existence of any interest in Seiter. At all events showing was made in the Court of Civil Appeals upon the sworn answer of Seiter that the interest in the cause of action that became vested in him and his associate counsel by Marschall's conveyance, remained absolute and unaffected by Marschall's settlement; and while this court has nothing to do with a decision of that issue, it is our duty to treat the question before us upon this premise.

That question is whether Marschall's motion and Seiter's answer presented such an issue in respect to the jurisdiction of the Honorable Court of Civil Appeals as to make it incumbent upon that court, under Art. 998, to ascertain the facts before dismissing the appeal, whereby its jurisdiction was terminated and its power to review the case was ended. If Marschall's settlement, made the ground of the motion to dismiss, was effectual to satisfy the entire cause of action, it was likewise sufficient to conclude the jurisdiction of the Court of Civil Appeals. If, however, he owned, not the entire cause of action, but only an interest in it, and his settlement related only to such interest, it would be of no effect upon the appeal to the extent that the remaining interest was involved, and could not operate to end the court's jurisdiction of the appeal to such extent. Was it required, therefore, of the court, before acting on the motion, that it ascertain the facts under the power given by Article 998 in order to determine whether its jurisdiction of the appeal to the extent of the entire cause of action was terminated, or only to the

extent of a part of it, or, in other words, whether Marschall's settlement related to the whole cause of action and therefore operated to deprive it of jurisdiction of the entire case, or only affected an interest in the cause of action and left intact its jurisdiction of the appeal to the extent that the remaining interest was involved in the appeal?

As the court's jurisdiction of the appeal as to the entire cause of action or only a remaining part of it necessarily depended upon an adjudication of these questions in the state of the record in the case, it seems to us that as the issue of the extent and effect of Marschall's settlement, directly involving its jurisdiction, was clearly made, it devolved upon the court to exercise the powers granted under Article 998, and which we believe it possessed even without the statute, and ascertain by such mode as to it seemed proper what the facts were, and whether its jurisdiction was ended to the extent of the entire case, or only to the extent that the appeal involved the interest in the cause of action owned by Marschall.

The learned and able judge who wrote the opinion of the Court of Civil Appeals, as the ground for its holding that the motion should be sustained, presents very clearly the view that the record alone should be looked to for the purpose of ascertaining who are the parties to the litigation; and who, therefore, have the right to control it. And it is said that as Seiter and his associate counsel, who joined in opposition to the motion, were not parties of record, they were without any right to resist Marschall's dismissal of the appeal. But this view, in our opinion, omits from consideration the very element that largely determines the question, which is, that the attorneys, to whom Marschall conveyed an interest in the cause of action, were entitled, under repeated holdings of our courts, to prosecute the cause of action, which they acquired under the conveyance, in Marschall's name; and to so maintain it in all of the courts, and it was not required of them that they become parties of record. Texas Cen. Ry. Co. v. Andrews, 28 Texas Civ. App., 477, 67 S. W., 923; Evans Co. v. Reeves, 6 Texas Civ. App., 254, 26 S. W., 219; International & G. N. Ry. Co. v. Reeves, 35 Texas, Civ. App., 162, 79 S. W., 1099; Hudson v. Morriss, 55 Texas, 604.

Having vouchsafed this right to such an assignee of a cause of action, the law should protect him in it. It cannot deal doubly, extending a security with one hand and withdrawing its benefits with the other. It should not be permitted to hold out to an assignee that he can with safety prosecute his cause of action in the trial court in the name of the assignor and owner of the remaining interest, but when the appellate court is reached, where he is not allowed to make himself a party of record and all opportunity to do so is gone, his interest in the cause of the action shall be at the mercy of such assignor and part owner through an absolute power to dispose of the case according to his own will, to maintain or dismiss the appeal at his pleasure, and thus make of the law a snare at the initial stage of the proceeding and a possible means of certain destruction of valuable rights in the end.

Having the right to prosecute his cause of action in the trial court

in the name of Marschall, it follows that Seiter likewise possessed the right to maintain the appeal to the extent· that it involved his interest in the cause of action, in Marschall's name. And as Seiter had his undoubted right to so maintain the appeal to the extent of his interest, it as certainly follows that Marschall was without authority to dispose of the appeal to the extent of such interest,· but could only dismiss it to the extent of his own. In Freeman on Judgments, Section 426-a, it is laid down, "that one who makes an assignment of a judgment incurs an obligation to respect his own assignment, and therefore *to do no act* inconsistent with his changed relation to the judgment." And it is equally the duty of the courts to permit him to *do no act* inconsistent with his changed relation to it.

In the case of Texas & Pacific Ry. Co. v. Vaughan, 16 Texas Civ. App., 403, 40 S. W., 1065, in which writ of error was refused by this court, 93 Texas, 741, it was held that where a client had assigned to his attorney an interest in the cause of action declared on in the suit in which he was plaintiff, by conveyance duly filed, etc., as required by the statute, the attorney was not bound by any settlement afterwards made between the assignor and the defendant, but could prosecute the suit for his own benefit to the extent of his interest. In that case the attorney prosecuted the suit in his own name, but under the authorities above quoted he could have done so in the name of the original plaintiff. This case furnishes sufficient authority for the proposition, if any were needed, that if Marschall's settlement with the defendants in error was made after March 7, 1910, it was not binding upon the assignee, Seiter and the latter could maintain the appeal to the extent of his interest in the cause of action.

If Marschall's settlement did not affect the interest in the cause of action owned by the plaintiff in error, and if the plaintiff in error had the right to maintain the appeal to the extent of his own interest in Marschall's name, as we have seen he clearly did, to hold that Marschall could at will dispose of the appeal to the extent of the entire case would amount to a reversal of the salutary doctrine above quoted, and require the courts to put the seal of their approval upon an act that not only Marschall was under obligation not to do, but the consequences of which they are under the solemn duty to avert.

It is further held by the Court of Civil Appeals that as Messrs. Seiter and Tallichet were not parties to the record, they would not be concluded by its judgment of dismissal, and, notwithstanding such judgment, would still have the right to assert whatever cause of action they may possess under the assignment. If this were true the question would be relieved of much of its difficulty, and upon such theory we would be disposed to hold that as the judgment of the trial court affected only Marschall's interest in the cause of action, the appeal involved only such interest, and Marschall had the authority to control it. But this is not a correct view. It was not merely Marschall's interest in the cause of action that was prosecuted in his name and adjudicated in the trial court; it was the entire cause of action,—Both his interest and that of the assignees. The latter acquired their interest subject to the adjudication of the cause

of action as between Marschall and the plaintiffs in the suit, with the certainty that both interests would share a common fate in the judgment, whatever the result. Evans Co. v. Reeves, supra; Freeman on Judgments, Sec. 427. The judgment of the trial court operated upon the entire cause of action, and if there is imparted to it the conclusiveness of a final judgment, inasmuch as it was in favor of the plaintiffs upon the counter claim, it will bar any rights Seiter may have. The dismissal of the appeal by the Court of Civil Appeals would undoubtedly make final the trial court judgment. Assuming that the settlement did not affect the interest in the cause of action owned by Seiter, if the judgment of the Court of Civil Appeals stands he will be in the situation of having an appeal, that he was entitled to prosecute to the extent of his interest, dismissed by a party who had no authority over it, and of being remitted to the trial court for the assertion of his rights where the bar of final judgment will confront him.

The law is feeble indeed and the powers of the courts all in vain if they are unable to provide a remedy against so manifest an injustice as under such circumstances might result, and here would result if this settlement did not affect Seiter's interest in the cause of action. If it be held in such a case that the appeal may be so controlled by the assignor, the established holding that an assignee of an interest in the cause of action may prosecute it throughout every stage of the proceeding in the name of the original owner must be overturned, and for the preservation of his rights every such assignee will be under the necessity of intervening in the action, or else be subjected to the hazard, in the event of an adverse result in the trial court, of having his rights concluded by the assignor's dismissal of the appeal.

But the solution of the question and the provision of the remedy in this case lie nearer at hand. They are found in the inherent power of the Court of Civil Appeals, confirmed by the statute, to determine the authority of the assignor to dismiss the appeal,—the power to ascertain and decide whether its jurisdiction has been terminated or still obtains. That such power inheres in the court and is further granted by the statute presupposes that cases may arise, though they are unusual, where it will be necessary for the court to hear evidence in the way it may prescribe and decide such an issue of fact in order to determine its jurisdiction. And it seems to us that this is a case that clearly demands the exercise of this power. That it may impose a burden upon the Court of Civil Appeals is a consequence that should not be suffered to stand in the way of the protection of property rights, which otherwise, through no fault of their owner, might be destroyed.

We accordingly hold that the Court of Civil Appeals should not have summarily dismissed the appeal. Its judgment is reversed, and the cause is remanded to the Court of Civil Appeals to the end that it may ascertain the facts and determine the issue of jurisdiction presented by the motion to dismiss the appeal and the answer thereto.

*Reversed and remanded to the Court of Civil Appeals.*