GIBSON et al. v. TEXAS PACIFIC COAL CO.
(No. 6948.)

(Court of Civil Appeals of Texas. San Antonio. May 9, 1923. Rehearing Denied June 13, 1923.)

1. **Attorney and client** ⬳**190(I) — Attorney intervening in action to restrain execution on judgment held not entitled to judgment against adverse party for percentage of compromise between client and adverse party.**

Where a client assigned to his attorney 40 per cent. of any sums recovered in a personal injury suit, even if the case were compromised after appeal, and thereafter judgment was recovered against defendant, which was affirmed on appeal, and in a suit to enjoin execution on the judgment, which execution was issued after compromise, the attorney intervened and prayed for a dissolution of the temporary injunction, and that an alias execution be issued in the original action against the property of the judgment debtor, in the absence of allegations that the client, who was primarily liable under the assignment for the attorney's percentage of the amount received under the compromise between the client and the adverse party, made without the attorney's consent, was insolvent, the attorney was not entitled under his pleading to a judgment against the adverse party.

2. **Attorney and client** ⬳**190(I)—Attorney not entitled to execution on client's judgment to recover assigned percentage of amount of recovery under compromise between client and adverse party.**

Though under a client's assignment to his attorney of 40 per cent. of any sums recovered in a personal injury action, the attorney was entitled to 40 per cent. of the amount of the compromise between the client and the adverse party, he had no right in his client's judgment or any part thereof, and was therefore not entitled to execution thereon to recover his percentage of the amount received under the compromise.

Error from District Court, Erath County; J. B. Keith, Judge.

Suit by the Texas Pacific Coal Company against A. J. Gibson and others, to restrain defendants from levying execution on plaintiff's property, on a judgment obtained in a previous action by named defendant, in which J. R. Stubblefield intervenes. Judgment for plaintiff and defendants bring error. Affirmed.

J. R. Stubblefield, of Eastland, and Theodore Mack, of Fort Worth, for plaintiffs in error.

John Hancock, W. B. Powell, and Clarence C. Wightman, all of Fort Worth, W. J. Oxford, of Stephenville, and Jno. W. Wray, of Fort Worth, for defendant in error.

FLY, C. J. This is a suit by defendant in error, herein identified as the coal company, against A. J. Gibson and Deason, sheriff of Erath county to restrain them from selling or advertising or offering for sale certain real estate levied on by virtue of an execution issued out of the district court of Erath county, in a certain cause, No. 3943, wherein Gibson was plaintiff and the coal company defendant. J. R. Stubblefield intervened in the suit, alleging, in substance, that Gibson was an employé of the coal company and was injured while in said employment, and employed said intervener as an attorney at law to prosecute a claim against the coal company for damages, and to secure payment for such services Gibson made a written contract with intervener by which he transferred to intervener 40 per cent. of such sums of money as might be realized from the claim of said Gibson, that intervener instituted the suit, and on December 14, 1914, obtained a judgment against the coal company for $15,000, which judgment was affirmed by the Court of Civil Appeals for the Second District, and an application for a writ was denied by the Supreme Court. It was further alleged that in 1914 intervener notified the coal company of his interest in the claim of Gibson, and that while the application for a writ of error was pending, on or about January 8, 1916, the coal company and Gibson made a settlement with each other, but intervener was not a party to the settlement. Intervener claimed that the coal company was indebted to him in the sum of $6,000. He prayed for dissolution of the temporary writ of injunction and that an alias execution be issued in the case of Gibson v. Coal Company. Gibson adopted the allegations of the intervener and alleged that he did not settle with the coal company as to the 40 per cent. owned by intervener, but only as to his 60 per cent. of the judgment. The services of a jury were waived, and upon a hearing by the court judgment was rendered granting a permanent injunction against Gibson, intervener, and the sheriff, restraining the collection of the judgment in the case of Gibson v. Coal Company.

[1] We adopt the conclusions of fact of the trial judge which are too lengthy to be copied herein, but which in substance found that on February 21, 1914, Gibson and Stubblefield

---

made a written contract with each other by which Stubblefield was employed to represent Gibson in the prosecution of his claim for damages against the coal company, and for such services Gibson transferred and assigned to Stubblefield—

"one-third of any and all sums, which may be realized, either by suit or by compromise, provided that in the event the said claim is compromised, without suit, then of such sum as may be received by such compromise, the said Gibson shall receive as much as $2,400, and if the claim is compromised, without suit, for less than $2,400, then the entire amount which may be realized by such compromise, shall be the property of the said Gibson."

It is further provided in the contract that—

"In the event of a suit, the said Stubblefield shall receive at least one-third of all such sums as may be realized, either by suit or by compromise, and provided further that, in the event suit is filed, and the case is tried and appealed, then and in such event, the said Stubblefield shall have, and there is hereby transferred to the said Stubblefield, 40 per cent. of such sums as may be realized, on account of said claim, even if the said case is compromised, after such appeal."

The cause as pleaded by intervener, was prosecuted, and a judgment for $15,000 obtained in favor of Gibson and on appeal was affirmed. On January 5, 1916, Gibson and the coal company negotiated a compromise by which, in consideration of $2,000 in cash and a conveyance to Gibson of 495 acres of land valued in the deed at $5,000 the said Gibson wrote on the margin of the book where the judgment was recorded:

"January 8, 1916, for a valuable consideration paid by W. W. Morris, as fully set forth in my written transfer of this date, I do hereby assign and set over to him the within judgment in cause #3943 styled A. F. Gibson v. Texas and Pacific Coal Company."

On January 6, 1916, two days before the compromise was made with Gibson, the coal company notified Stubblefield of the pending compromise. On June 17, 1917, Stubblefield caused an execution to be issued and levied on real estate belonging to the coal company, and on July 11, 1917, the injunction on which the present suit is based was prayed for and obtained, and Stubblefield intervened. The contract between Gibson and Stubblefield was not recorded or filed among the papers of the original cause, but prior to the compromise the coal company had actual knowledge of its existence. The assignment amounted to a transfer of a certain percentage of any sum that might be recovered by Gibson.

In the case of Railway v. Ginther, 96 Tex. 295, 72 S. W. 166, the agreement was "to give and hereby assign to them one-third of whatever may be recovered in said suit, or by way of compromise." Ginther compromised with the railway company; the latter knowing that the transfer quoted had been made to his attorneys, Patterson and Buckler. This court held that the attorneys could recover their portion of the compromise from the railway company, and, after granting a writ, the Supreme Court affirmed the judgment of this court. It will be noted that there was no present assignment of the amount to be recovered, as in this case, but the court said:

"Mature consideration and examination of authorities has convinced us that the instrument operated as an assignment of an interest in the fund when recovered."

The court further said:

"The instrument plainly expressed the intention to assign an interest in a cause of action of which a judgment or compromise was to be the measure, and the expression of this intention, in any language, was all that was required to make an assignment as contradistinguished from a mere agreement to pay so much as a contingent fee. * * * While the contract may have left the plaintiff free to compromise, it gave the assignees an interest in the claim which they had the right to have paid in settlement. This right, when the defendant knew of its existence, could not be defeated by payment to the plaintiff. The position of defendant was that of any other person paying a debt to the original creditor instead of an assignee whose rights were known."

The coal company has studiously endeavored to show the similarity between this and the Ginther Case, and in its brief says:

"To us, the language of the two contracts is practically identical. Each assigns an interest, only, in the amount to be realized by suit or compromise."

We think that is true, and yet we do not forget, as the coal company seems to have done, that this court and the Supreme Court held that the railway company, under strikingly similar circumstances to those which exist in this case, was liable to the attorneys of Ginther for one-third of the $2,500 paid by it to him.

In the case of Railway v. Thomas (Tex. Civ. App.) 167 S. W. 784, the court found that one-half of the cause of action was assigned by the client to the attorneys, and not merely an interest in any sum recovered, and held under those circumstances that a compromise made by the client could not effect the one-half of the cause of action owned by the attorneys. No case has held that, because a part of the cause of action was not transferred to an attorney that he would have no cause of action for his part of a compromise made by the client and defendant, the latter

knowing that the attorney owned an interest in any sum collected by the client.

[2] There can be no doubt that Stubblefield could intervene in this case, and that he had the right, if not destroyed by limitation, to secure a judgment against Gibson and the coal company for 40 per cent. of the amount of the compromise. Stubblefield, however, did not seek to recover a judgment against any one for his portion of the compromise, but sought to secure the issuance of an execution in his behalf for 40 per cent. of the $15,000. This he had no right under the law to obtain, for the simple and obvious reason that he had no right, title, or interest in and to the judgment or any part thereof, and such relief as was sought by him could not be extended to him. He owned 40 per cent. interest in any sum collected by Gibson on his claim for damages and nothing more, and he abandoned that right and sought to have execution issued on a judgment in which he owned no interest whatever. It is probable that he could have obtained no relief had he prosecuted his suit, as he should have done, because he had permitted more than four years to pass after the compromise had been made and the money collected, and limitations were pleaded against him. While he had a good contract for 40 per cent. of what Gibson realized from the compromise his pleadings and proof did not justify a judgment against the coal company. There was no allegation of the insolvency of Gibson who was primarily liable for an appropriation of Stubblefield's percentage of the amount collected. He should have been joined in the suit with the coal company, so as to settle all matters among all concerned.

A review of the authorities cited by Stubblefield will show that under his pleadings and proof he had no cause of action. The case of Railway v. Andrews, 28 Tex. Civ. App. 477, 67 S. W. 923, was decided before the decision in the Ginther Case had been rendered by the Supreme Court, and the opinion is seemingly in conflict with the Ginther Case, and of course is not authority. The case of Arthur v. Driver, 60 Tex. Civ. App. 100, 127 S. W. 891, has no bearing on the issues in this case. Neither has the Missouri case of Barthels v. Garrels, 206 Mo. App. 199, 227 S. W. 910, any applicability to this case.

In the case of Seiter v. Smith, 105 Tex. 205, 147 S. W. 226, there was an assignment, not of any interest in any sum that might be collected on a claim, but an assignment of a part of the cause of action, and of course the Supreme Court held that the party in whose name the judgment was obtained could not, by compromise or otherwise, destroy that part of the judgment belonging to his assignee. The facts of that case do not fit the facts of this case, as has been shown herein.

The judgment is affirmed.