GIBSON et al. v. TEXAS PAC. COAL CO.
(No. 580–4047.)

(Commission of Appeals of Texas, Section A. Nov. 26, 1924.)

1. Attorney and client ⊚⟿148(2) — Contract held to transfer, from client to attorney, interest in cause of action for personal injuries.

Contract whereby client, in consideration of services to be performed by attorney in prosecution of personal injury claim, "assigns" to attorney "one-third of any and all sums which may be realized either by suit or by compromise," constituted transfer to attorney of interest in cause of action.

2. Attorney and client ⊚⟿189 — Attorney to whom client had transferred part interest could bring action in client's name and retain control of his interest.

Attorney, to whom client had assigned an interest in cause of action for injuries, could bring suit in the client's name and still retain control of his interest as against parties who had notice thereof.

3. Attorney and client ⊚⟿180—Attorney's interest in cause of action protected by defendant's actual notice as effectively as by statutory notice.

Defendant's actual notice of plaintiff's attorney's interest in cause of action, transferred to attorney in consideration for services, protected attorney's interest as against defendant as effectively as statutory notice would have done.

4. Attorney and client ⊚⟿143—Contract precluding client from compromising cause of action at any stage of case held not against public policy.

Injured person's contract, transferring interest in cause of action to attorney in consideration of services, and precluding client from compromising the whole cause of action at any stage of the case, held not void as against public policy.

5. Attorney and client ⊚⟿190(1)—Client held precluded from compromising attorney's interest in cause of action.

Where injured person assigned interest in cause of action to his attorney, without reservation of right to determine whether the claim should be compromised after commencement of suit, the injured person, after judgment in his favor had been affirmed by the Court of Civil Appeals, and pending application to Supreme Court for writ of error, could not compromise attorney's interest in judgment by settlement with defendant who had actual notice of attorney's rights, and attorney, notwithstanding such attempted compromise, on district court's receipt of mandate from Court of Civil Appeals, was entitled to execution for amount due him.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by the Texas Pacific Coal Company against A. J. Gibson and another, in which J. R. Stubblefield intervened. Judgment for plaintiff was affirmed by the Court of Civil Appeals (252 S. W. 874), and defendants bring error. Judgments of district court and of Court of Civil Appeals reversed, and injunction granted by district court dissolved.

Theo. Mack, of Fort Worth, and J. R. Stubblefield, of Eastland, for plaintiffs in error.

John Hancock, of Fort Worth, for defendant in error.

CHAPMAN, J.   J. R. Stubblefield and A. J. Gibson entered into the following self-explanatory contract, which was duly acknowledged by both of them:

---

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The State of Texas, County of Eastland.

"Know all men by these presents that J. R. Stubblefield and A. J. Gibson, both of Eastland county, Tex., have made the following agreement:

"First. The said Gibson has this day employed the said Stubblefield to represent him in the prosecution of a claim against the Texas & Pacific Coal Company, which said claim grows out of an injury received by said Gibson, while in the employment of the said Texas & Pacific Coal Company, on the 19th day of April, 1913, at shaft No. 1, in Erath county, Tex., and the said Stubblefield on his part contracts to represent the said Gibson to the best of his skill and ability, whether in suit or in an attempt to compromise the said claim.

"Second. In consideration of the said service, the said Gibson hereby transfers and assigns to the said Stubblefield a one-third of any and all sums which may be realized, either by suit or by compromise: Provided that, in the event the said claim is compromised, without suit, then of such sum as may be received by such compromise the said Gibson shall receive as much as $2,400, if the said claim is compromised for as much as $2,400, and if the said claim is compromised without suit for less than $2,400, then the entire amount which may be realized by such compromise shall be the property of the said Gibson: Provided, further, that, in the event of suit, the said Stubblefield shall receive at least one-third of all such sums as may be realized, either by suit or by compromise, and provided, further, that, in the event suit is filed and the case is tried and appealed, then and in such event, the said Stubblefield shall have, and there is hereby transferred to the said Stubblefield, 40 per cent. of such sums as may be realized on account of said claim, even if the said case is compromised, after such appeal.

"Third. It is mutually agreed that the said Stubblefield is to bear his personal expenses, in the prosecution of this claim, whether at home or away from home, but is not to be responsible for court cost.

"Fourth. The said Gibson shall determine whether the said claim shall be compromised without suit, but no compromise shall be affected without the knowledge of the said Stubblefield.

"The contract is made in duplicate, at Strawn, Tex., this 21st day of February, 1914.

"[Signed] J. R. Stubblefield.
"[Signed] A. J. Gibson."

The attorney brought the suit contemplated in the contract in the name of Gibson and recovered judgment for $15,000, from which an appeal was taken to the Court of Civil Appeals of the Second District, which court affirmed the judgment of the trial court. Application was then made to the Supreme Court for writ of error. While the application was pending in the Supreme Court, and before any action was taken on it, a compromise was made by Gibson and a representative of the coal company on January 8, 1916, wherein the coal company paid Gibson $2,000 in cash and transferred to him land valued at $5,000. Gibson made a transfer of the judgment to the agent of defendant on the margin of the judgment in the minutes of the district court. Before the compromise between the coal company and Gibson was made, the coal company had actual notice that Stubblefield owned a 40 per cent interest in the cause of action. Before the compromise was closed, Stubblefield was notified by the coal company that they were negotiating with Gibson, looking to a compromise of the suit, but Stubblefield had no notice or knowledge of the terms of the compromise, and did not consent to it. Stubblefield testified that, when the representative of the coal company talked to him over the telephone and told him that there was under consideration a compromise of the judgment between the coal company and Gibson, said representative, in that coversation, discussed with him a compromise of his (Stubblefield's) interests in the judgment, and that he offered to take $3,500 for his interest, and that in the same cohversation he again notified said representative of the coal company that he owned a 40 per cent. interest in the judgment. Mr. John J Wray, general attorney for the coal company, testified that about the time of the compromise with Gibson he advised Mr Gordon, the general manager of the coal company, to offer Judge Stubblefield $3,000 as a compromise of his interest in the judgment.

No action was taken after the compromise with Gibson by any party to the suit, in regard to having the application for the writ of error in the Supreme Court dismissed. The writ of error was denied by the Supreme Court, and thereafter, on December 5, 1916, the Court of Civil Appeals of the Second District issued its mandate. On June 16, 1917, Stubblefield caused to be issued, in the name of Gibson, execution for $6,000, reciting in the execution that the judgment had been paid to the extent of $9,000. Under this execution, levy was made on real estate belonging to the coal company and notice of sale given.

This suit was brought by the coal company against Gibson and the sheriff to restrain them from selling the property of the coal company. An injunction was granted, giving the coal company the relief prayed for, which was affirmed by the Court of Civil Appeals. 252 S. W. 874. Stubblefield intervened in this case, but his intervention has no bearing on the issues as we see them.

The issues before us are: First, whether the contract between Gibson and Stubblefield transferred to Stubblefield an interest in the cause of action; second, whether Stubblefield could bring the whole suit in the name of Gibson and retain control of his interest in it; third, whether actual notice to the coal company of Stubblefield's interest in the judgment would protect the rights of Stubblefield against the coal company the same as the statutory notice would have protected

him; fourth, whether a contract like the one in this case is void, if it precludes the plaintiff from compromising the whole cause of action at any stage of the case; fifth, the controlling issue is whether or not Gibson, under the terms of the contract and the facts above stated, had the right to compromise the interests of Stubblefield in the judgment obtained in the district court. We will discuss the issues in the order named.

[1] In G., H. & S. A. Ry. Co. v. Ginther, 96 Tex. 295, 72 S. W 166, wherein the contract between the attorney and the client was very similar to the contract in this case, the Supreme Court used this language:

"The instrument plainly expressed the intention to assign an interest in a cause of action of which a judgment or compromise was to be the measure, and the expression of this intention, in any language, was all that was required to make an assignment, as contradistinguished from a mere agreement to pay so much as a contingent fee."

We think that the Court of Civil Appeals in the instant case misconstrued the Ginther Case, wherein it stated, in discussing the opinion in that case, "it will be noted that there was no present assignment of the amount to be recovered, as in this case." The following cases also hold that in contracts like the one in the instant case an interest in the cause of action is transferred: T. & P. Ry. Co. v Vaughan, 16 Tex. Civ App. 403, 40 S. W. 1065 (writ of error refused); Texas Central Ry. Co. v. Andrews, 28 Tex. Civ. App. 477, 67 S. W. 923; Trinity Lumber Co. v. Holt et al. (Tex. Civ. App.) 144 S. W. 1029; G., C. & S. F. Ry. Co. v. Stubbs (Tex. Civ App.) 166 S. W. 699.

[2] .That the attorney could bring the whole cause of action in the name of his client under the contract in this case, and still retain control of his interest as against parties who had notice of same, seems to be well settled in the following cases: Texas Central Ry. Co. v. Andrews, 28 Tex. Civ. App. 477, 67 S. W 923; Southwestern Telegraph & Telephone Co. v. Tucker (Tex. Civ. App.) 98 S. W. 909; American Cotton Co. v. Simmons, 39 Tex. Civ App. 189, 87 S. W. 842; Bonner v. Green, 6 Tex. Civ. App. 96, 24 S. W 835, Trinity Lumber Co. v. Holt et al. (Tex. Civ. App.) 144 S. W. 1029; Seiter v. Smith et al., 105 Tex. 205, 147 S. W. 226.

[3] That actual notice to the coal company of Stubblefield's interest in the cause of action would protect the interest of Stubblefield as against the coal company as effectively as the statutory notice would have done seems to be well established by these cases: G., C. & S. F Ry. Co. v. Stubbs (Tex. Civ. App.) 166 S. W. 699 (writ of error denied); M., K. & T. Ry. Co. of Texas v. Wood (Tex. Civ. App.) 152 S. W. 487; Wichita Falls Electric Co. v. Chancellor & Bryan (Tex. Civ. App.) 229 S. W. 649.

[4] In the case of Wichita Falls Electric Co. v. Chancellor & Bryan (Tex. Civ. App.) 229 S. W. 649, in which writ of error was denied by the Supreme Court, a contract similar to the one in the instant case provided that no compromise should be made without the written consent of both parties, and the court in that case held that such provision in the contract was not against public policy.

[5] This brings us to the principal issue in the case; that is, whether Gibson, under the contract and facts, could compromise Stubblefield's interest in the cause of action. It will be observed in the fourth paragraph of the contract that Gibson did not reserve the right to determine whether the claim should be compromised after suit. In the case of Texas Central Ry. Co. v. Andrews, 28 Tex. Civ. App. 477, 67 S. W. 923 (writ of error refused), a case very much like the one under consideration, the part of the contract necessary here to quote was as follows:

" * * * And, for the services rendered and to be rendered by the said attorneys in said case, I hereby agree to give them 40 per cent. of all damages recovered, either by suit or compromise, in said case, and I hereby assign and transfer to them a 40 per cent. interest in all the damages that I sustained, by reason of the premises on account of said injuries, as their fee in said cause."

.During the giving of testimony in the trial of the case,. the plaintiff and the defendant compromised the suit by payment to the defendant of the sum of $750. The case was prosecuted to judgment, and the court held that the attorneys were entitled to their 40 per cent. of the judgment, notwithstanding the compromise, and in discussing the case used this language:

"We construe this contract to be not only an assignment of a part of the cause of action declared on, but also to give the assignees the right in effect exercised in this case; to prosecute it to judgment in the name of the assignor. It is clear from the language of the entire instrument that only one damage suit was to be brought on account of the injuries sustained by appellee, and that this suit was to be prosecuted in his name, and that the assignees, as owners of so much of the cause of action, would be entitled to 40 per cent. of the judgment recovered in such suit. * * * It is not therefore within the power of appellee to satisfy by compromise more than 60 per cent. of the judgment rendered in this case; appellant having knowledge of the contract quoted above when the compromise was made. To the extent of the remaining 40 per cent., the judgment inured to the benefit of his attorneys, and this right appellant, as well as appellee, was bound to respect."

In Texas & Pacific Ry. Co. v. Vaughan, 16 Tex. Civ. App. 403, 40 S. W. 1065 (writ of error denied), another case much like the one under consideration, the consideration to the attorney was in this language:

"In consideration of the faithful performance of the duties imposed upon him as my attorney, in the prosecution and collection of my claim and suit aforesaid, I hereby sell and convey, and agree to pay and deliver, to said Vaughan one-half of whatever sum may be realized out of and collected from said railway company, whether through compromise or by judgment of the courts, by reason of the injuries done me by said company as aforesaid."

The question before the Court of Civil Appeals was whether, under the transfer, the attorney had such an interest in the cause of action as would authorize him to intervene in the suit and prosecute the same for his own benefit, after the original plaintiff had settled with the company and ordered the suit dismissed. The appellate court held that the attorney could intervene for the protection of his interest.

In G., C. & S. F. Ry. Co. v. Stubbs (Tex. Civ. App.) 166 S. W. 699 (writ of error refused 170 S. W. xviii), which is also much like the instant case, the consideration to the attorney for his services was set out in the contract as follows:

" * * * And, in consideration of your services rendered and to be rendered, I hereby transfer and assign to you a one-half (½) interest in my claims, demands, and causes of action, and any compromise, settlement, judgment, or recovery that I may be entitled to by reason of said collision, injuries, and damages."

The court, in discussing the law applicable to such cases, used this language:

"As we construe the holdings of the courts, an attorney holding a contract such as the one in this case has three remedies, in the event the client settles the claim after notice to the party liable as to the existence of the contract, viz.: (1) He may proceed on the assigned cause for damages, in which event he would plead and prove the damages and liability therefor, and recover his part of such damages as might be established (Seiter · v. Marschall [Sup.] 147 S. W. 226); (2) he might sue the client for his share of the sum paid in settlement; or (3) he may recover his part of the sum paid the client, without pleading and proving the damages. The last is the remedy selected in this case, and there appears to be ample authority for so doing."

In St. Louis, S. F. & T. Ry. Co. v. Thomas (Tex. Civ. App.) 167 S. W. 784, Thomas employed attorneys in a personal injury suit and transferred to them one-half of the cause of action. After suit was filed, Thomas compromised the case with the railway company for $100. It was intended by the parties to the compromise that the $100 should be in full settlement for the whole cause of action. The attorneys were not parties to the compromise, and the railway company had notice of their interest in the suit. The attorneys repudiated the compromise, intervened in the suit, and, upon trial of the case, recovered a judgment in their favor for $541.66⅔, which was affirmed by the Court of Civil Appeals at Dallas, and writ of error was denied by the Supreme Court. In discussing this case, Judge Talbot made use of this language:

"Thomas having assigned one-half interest in his cause of action to interveners, and appellant having actual notice of such assignment, the settlement made by him with appellant, interveners not being parties to such settlement, affected only his one-half interest in the original cause of action, and interveners could prosecute the original suit to a conclusion for the one-half interest assigned to them. Thomas, under the circumstances, could only settle his one-half interest in said cause of action, and interveners' right of recovery was not limited to, and they were not compelled to accept, one-half of the amount for which Thomas settled. Whether Thomas had assigned to interveners one-half interest in his cause of action against appellant was an issue raised by the pleadings and evidence, and fairly submitted for the determination of the jury, who decided such issue favorable to interveners. The assignment by Thomas of one-half interest in his cause of action to interveners, and by which he deprived himself of the right to compromise and settle so much thereof as was embraced in such assignment, is not, under the law of this state, void on the ground of public policy. Where such an assignment has been made, the assignor and assignee each have a right to compromise and settle his interest in the cause of action, and, if the assignor subsequently attempts to settle the entire cause of action without the knowledge or consent of the assignee, the assignee is not bound by such settlement, if the party against whom the cause of action exists had notice of the assignment."

It is insisted that the Ginther Case, 96 Tex. 295, 72 S. W. 166, overrules the cases above cited that hold that the client cannot, in a case like this, bind the attorney as to the amount of the compromise without his consent. We do not so construe that case. The attorney ratified the compromise made by Ginther as to amount by adopting the amount of the compromise as a basis for the amount of his recovery. The attorney in that case did not object to the amount agreed upon as a compromise of the whole case, but his contention, which was sustained by the court, was that the defendant could not satisfy the interest of the attorney by making payment to the client, but nowhere in the opinion do we find any intimation that the attorney could not have repudiated the compromise entirely, and had the amount of his recovery determined by final judgment after a trial on the merits of the case.

The testimony of Judges Stubblefield and Wray, above mentioned, the answer of defendant Gibson, that he undertook to compromise only 60 per cent. of the judgment, and the amount agreed upon as compromise, compared to the interest of Gibson in the judgment, would strongly indicate that it

was intended by Gibson and the coal company to compromise only 60 per cent. of the judgment. But, regardless of this, Stubblefield owned 40 per cent. of the judgment, of which both Gibson and the coal company had actual notice, and, as shown by the above authorities, they could not, without his consent, determine the amount' that he should accept for his interest, nor could the coal company settle the interest of Stubblefield in the judgment against it by making payment to Gibson. After the district court received the mandate from the Court of Civil Appeals, Stubblefield was entitled to his execution for the amount due him.

We recommend that the judgment of the district court and the Court of Civil Appeals be reversed, and that the injunction granted in this case be dissolved.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and injunction dissolved.