**WILSON v. HOUSE et al.**

**No. 5026.**

Court of Civil Appeals of Texas. Amarillo.

May 15, 1939.

Rehearing Denied Sept. 11, 1939.

Kennemer & Armstrong, of Dallas, for appellant.

Ellis P. House, of Dallas, for appellees.

STOKES, Justice.

On or about May 4, 1931, Mrs. Bernice Collins and her mother, Mrs. Rimes, borrowed from J. W. Wilson, the appellant in this case, the total sum of $197, Mrs. Collins giving her note therefor and pledging as security six items of jewelry, consisting of four diamond rings and two diamond bar pins, of the aggregate value of $717.50. During the following four years Mrs. Collins made numerous payments on the note and about October 1, 1935, she employed appellee, Ellis P. House, to file suit against Wilson, to recover the jewelry pledged by her as security for the loan and whatever amount she may be entitled to recover as usurious interest paid on the note. As compensation or fee for representing her in the litigation Mrs. Collins executed to House an instrument in which she represented the jewelry to be her own individual property and assigned, transferred and sold to him a half interest in the same. Negotiations between House and Wilson for settlement of the claim having failed, House filed suit on behalf of Mrs. Collins and a trial before a jury resulted in a recovery by Mrs. Collins of the jewelry, together with a personal judgment against Wilson in the sum of $186 as usurious interest and penalty.

On the 16th of May, 1936, after the judgment had been rendered in the county court in favor of Mrs. Collins, Wilson made a contract of settlement and compromise with her, by the terms of which he returned the jewelry to her and gave her a cashier's check, payable to her, her mother, Mrs. Rimes, and Ellis P. House, her attorney, in the sum of $50, the contract providing that it was in full settlement of the judgment and all claims against Wilson in reference to the entire transaction.

Ellis P. House declined to receive any portion of the proceeds of the check, refused to endorse it or have anything to do with the compromise agreement. Mrs. Collins thereupon filed a suit in the justice court against the bank who issued the check and all parties connected with it, seeking recovery of the $50. Ellis P. House was made a party defendant to the justice court suit and he filed a disclaimer in which he disclaimed any interest in the check or its proceeds.

The instant suit was instituted by appellee, Ellis P. House, against appellant, J. W. Wilson, to recover of appellant the one-half interest in the jewelry and in the money judgment recovered by Mrs. Collins in her former suit against appellant, which interest was transferred and assigned to him by Mrs. Collins as his compensation for representing her in the former county court suit.

Appellant answered by the general issue, denied that he had any notice of the contract and assignment from Mrs. Collins to appellee before making the settlement with her and alleged that appellee was estopped from prosecuting the suit or claiming any amount as against appellant because of the disclaimer which appellee filed in the justice court case.

The case was submitted to a jury upon special issues which were answered by the jury to the effect that prior to making the settlement with Mrs. Collins appellant had notice of the assignment of the jewelry to appellee; that appellant's attorney likewise had notice of the assignment, and that appellee did not agree with appellant's attorney in the former litigation that the judgment against appellant might be settled and compromised by returning the jewelry to Mrs. Collins and paying her $50 in cash.

Based upon the verdict, the court rendered judgment in favor of appellee for the sum of $451.75. Appellant duly filed a motion for a new trial which was overruled by the court, and he duly excepted, gave notice of appeal, and perfected an appeal to the Court of Civil Appeals of the Fifth District. Upon an order equalizing the dockets of the Courts of Civil Appeals, the Supreme Court transferred the case to this court and the record is now before us for review.

■■ Under a number of assignments of error, appellant makes the contention that the court erred in overruling his general demurrer to appellee's petition and in rendering judgment against him for the value of the one-half interest in the jewelry. He takes the position that the contract was not an assignment of a chose in action and he would not be liable to the assignee but that appellee's remedy was a suit against Mrs. Collins who had possession of the property. We cannot accede to this contention. The assignment is not merely a contract by which Mrs. Collins agreed to pay to appellee, as a contingent fee, a certain percentage of any amount she may recover of appellant. It is a specific assignment, conveyance and transfer by her of a half interest in the items of jewel-

ry. It specifies and describes each of the four diamond rings and the two diamond bar pins, fixes their value, and provides that she assigns, sells, transfers and delivers to appellee a full one-half interest in the jewelry and in her claims and causes of action against appellant growing out of the loan and payments thereon and the pledging of the jewelry. It further provides that she assigns to appellee one-half of any judgment that may be obtained against appellant. The jury found, upon ample evidence, that both appellant and his attorney had notice of the assignment before they compromised the judgment with Mrs. Collins and delivered the jewelry back to her. The law is well settled that an attorney who is assignee of a part of a cause of action may either prosecute the cause to judgment and recover his share or file a separate suit in his own name under his assignment and recover the interest assigned to him, where the defendant has notice of the assignment, even though a compromise or settlement has been effected by the debtor with the original plaintiff in the suit. Gibson v. Texas Pac. Coal Co., Tex.Com.App., 266 S.W. 137; Bowles v. Bryan, Tex.Com. App., 247 S.W. 276; Bryan v. Ross, Tex. Civ.App., 214 S.W. 524; Seiter v. Marschall et al., 105 Tex. 205, 147 S.W. 226; Gulf C. & S. F. Ry. Co. v. James B. & Charles J. Stubbs, Tex.Civ.App., 166 S.W. 699.

Appellant contends this case is governed by the doctrine announced in Browne v. King et al., Tex.Civ.App., 196 S.W. 884; Id., 111 Tex. 330, 235 S.W. 522. We do not agree with this contention. In the first place, it is held in that case that no land was conveyed by the power of attorney involved and that, as the appellant sought only to recover the land from Mrs. King, he failed to make out a case against her. It is stated, however, that if the power of attorney constituted a conveyance of one-half of the land appellant should have recovered. As we have shown, the contract of employment in the instant case was also an absolute assignment and transfer by Mrs. Collins to appellee of an undivided interest in the jewelry which she had pledged to appellant and also in any amount that may be recovered from appellant upon her claim of usury. The contract being an assignment and absolute conveyance to appellee of the property and chose in action, he had the right to sue for it and when appellant acquired full notice of the assignment and transfer, it became his duty to treat the interest assigned to appellee as belonging to him. Under the circumstances presented here, appellee was not bound by any settlement or compromise which appellant afterwards made in which appellant voluntarily released possession of the property even though he delivered it to the owner of the other half interest.

In the second place, the Browne case is not controlling of the instant case because, as stated by the Supreme Court, Mrs. King bought the title without any notice of the equity held by Browne and she, therefore, was entitled to be protected as an innocent purchaser. In the instant case, as we have said, both appellant and his attorney of record had actual notice of the assignment and knew when they made the compromise settlement with Mrs. Collins that one-half of the jewelry and of the money judgment recovered by her against appellant belonged to appellee.

■ What we have said disposes of the principal contentions made by appellant in this appeal. Under other assignments of error, he contends that, by his disclaimer filed in the justice court when Mrs. Collins brought suit upon the check for $50, appellee is estopped from claiming an interest in the jewelry. The check was given under the terms of the compromise made with Mrs. Collins. Appellee, who, as we have said, was the owner by transfer and assignment of one-half of the jewelry, knew nothing about the compromise agreement. He was not a party to it. He gave to his client no advice concerning the settlement, and did nothing which could be construed as an approval of, or acquiescence in, its terms. When he learned of the attempted settlement he repudiated it in so far as his interest was concerned, refused to endorse the check or receive any of its proceeds and filed a disclaimer in the case. The check having been given in settlement of a claim in which appellee had an interest and in which settlement he had not been consulted and did not in any manner participate, he could not be bound by estoppel or otherwise by reason of any compromise or settlement that may have been made between other parties to the transaction. Indeed, the only reason he had any connection with the compromise was that, without his knowledge or consent, his name was inserted as one of the payees in the

check and he was made a party defendant to the justice court suit. If appellant had acted otherwise, it is quite probable he would have become bound by the settlement through ratification.

We find no merit in this contention and appellant's assignments in respect thereto will be overruled.

█ Under other assignments appellant contends that he became a bailee for appellee and, after the execution of the contract and assignment to him by Mrs. Collins, he held the property as such for appellee. He contends, therefore, that he could only be charged with gross negligence and inasmuch as appellee did not, in his pleading, charge appellant with negligence, appellee was not entitled to recover anything of him.

We are unable to discover any merit in this contention. The record does not show any agreement between appellant and appellee that could be construed to be a bailment, nor do the circumstances surrounding the transaction present a situation in which appellant became bailee as a matter of law.

We have carefully considered all of the assignments of error presented by appellant and, in our opinion, no error is revealed by any of them. The judgment of the court below will, therefore, be affirmed.