

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable K. D. Hall
County Attorney
Refugio County
Refugio, Texas

Dear Sir:

Opinion No. O-1946
Re: Can a tax now be legally
assessed against the
22,000 acres of land
taken from school district
No. 4 and put with school
district No. 5 during the
year 1925?

We are in receipt of your letter of February
6, 1940, requesting an opinion by this department,
which letter reads in part as follows:

"Sometime during the year 1925, a
special law was passed by the Legisla-
ture for the creation of a new School
District #5, Refugio County, Texas, tak-
ing approximately 22,000 acres of land
from School District #4 and annexing it
to School District #5. From the informa-
tion I have, the Trustees for the School
District #5 acquiesced in the changing of
the body of land from School District
#4 to said District #5. I am unable
to determine what, if anything, the
Trustees for School District #4 had to
do with the above change.

"School District #5 is now ready to
vote some more bonds and the land owner
who owns the 22,000 acres of land has

not paid all the taxes which was assessed against his property due to the above change. What I want to know is whether or not a tax now can be legally assessed against the 22,000 acres of land taken from School District #4 and put with School District #5 during the year 1925 as above mentioned.

". . . .

"For your information, under SCHOOLS, 37 T. J. Page 898, Section 38, and the cases above mentioned, are cited some curative statutes which I believe will make the procedure valid if the same was illegal or invalid at the time the District was created."

The special act of the Legislature to which you refer is House Bill 363, Ch. 119, Special Laws of Texas, 39th Legislature, 1925, p. 352. Said act provides in part as follows:

"Sec. 1. That Common School District No. 5 is hereby created and established in Refugio County, Texas, including therein territory described by metes and bounds as follows . . . .

". . .

"Sec. 4. It is hereby expressly provided that the outstanding bonded or other valid indebtedness of said common school district No. 5 shall become the valid and subsisting obligations of the common school district No. 5, as created by this act, and all current contracts for the maintenance of the schools of the said common school district No. 5 and all local taxes heretofore authorized by the said district are hereby validated for the said common school district No. 5 in all respects."

Honorable K. D. Hall, page 3

We accept your statement that the purpose or effect of this legislation was to add some 22,000 acres of land to school district No. 5.

Prior to 1927, when Article 7, Section 3, of the Texas Constitution was amended, the Legislature was authorized to create school districts by special acts, and in like manner to attach territory to existing school districts. This is too well settled to require a citation of authorities.

Section 4 of the act above quoted, however, is clearly unconstitutional as in violation of Article 7, Section 3, in that it attempted to spread the bonded indebtedness of old common school district No. 5 over the entire new district, and the local maintenance taxes and taxes to service said bonds were attempted to be applied to the entire territory without a vote of the people in the newly annexed portion of the district to determine whether the district as then constituted would consent to such taxation. Constitution, Article 7, Section 3; Love vs. Rockwall Independent School District (T. C. A. 1917, writ refused) 194 S. W. 659; Cummins vs. Gaston (T. C. A. 1908, writ refused) 109 S. W. 476; Crabb vs. Celeste Independent School District, 105 Texas 205, 146 S. W. 528; Burns vs. Dilley County Line Independent School District (Com. App. 1927) 295 S. W. 1091; Young vs. Edna Independent School District (Com. App. 1931) 34 S. W. (2d) 857.

In Burns vs. Dilley County Line Independent School District, supra, the Commission of Appeals not only held a provision in the act, similar to Section 4 quoted above, to be unconstitutional, but further held that the invalidity of such section also rendered the whole act void. We do not find it necessary, however, to express an opinion on this point in determining your question.

Numerous acts of the Legislature had been passed containing provisions similar to Section 4 quoted above, and in order to avoid the results which might follow from the unconstitutionality of all these acts, the

Legislature passed several validating acts designed to remedy this difficulty. See Vernon's Texas Civil Statutes, Articles 2802a, 2815g-2, 2815g-3, 2815g-6, 2815g-7, and 2815g-8 (being Acts 1929, 41st Legislature, page 666, Ch. 298; Acts 1931, 42nd Legislature, Second Called Session, page 63, Ch. 39; Acts 1933, 43rd Legislature, page 60, Ch. 31; Acts 1934, 43rd Legislature, Third Called Session, page 90, Ch. 45; Acts 1935, 44th Legislature, page 530, Ch. 221; Acts 1935, 44th Legislature, First Called Session, page 1555, Ch. 380.) One of these statutes, Article 2802a, was considered and applied by the Commission of Appeals in Young vs. Edna Independent School District, 34 S. W. (2d) 857, under facts almost identical to those presented in your letter.

In that case the 39th Legislature had attached territory to the Edna Independent School District, and the plaintiff had brought an action to restrain the collection of any taxes alleging that the act attempted to place upon the newly added territory both maintenance and bond taxes of the old Edna District without a vote of the new district, in violation of Section 3, Article 7 of the State Constitution, and that the new district was attempting to levy and collect said taxes without having held an election for such purpose. It was also alleged that the new district was about to issue bonds in the sum of $65,000 and levy a tax on the property of said district to pay the interest and create a proper sinking fund therefor, "said bonds and taxes having been duly authorized by an election held in said new district after the passage of the 1925 act." The court did not pass upon the question of whether the unconstitutional portion of the act destroyed the validity of that part creating the district, but held as follows:

"Under authority of Lyford Independent School District vs. Willamar Independent School District, 34 S. W. (2d) 854, this day decided by this section of the commission, we hold that the validating act passed by the regular session of the 41st Legislature of Texas, being S. B. 384, ch. 298, p. 666 (Vernon's Annotated Civil Statutes, Article 2802a) fully set out in the above mentioned opinion, has effect

Honorable K. D. Hall, page 5

to validate and make legal the new Edna
independent school district, together
with all taxes and bonds voted by the
new district, and that regardless of
whether such district was valid at the
time of its creation or not, a question
we do not now pass on. (Underscoring
ours)

". . . . .

"It follows from what we have said
that all of that part of Young's petition
which seeks to enjoin the issuance and
sale of the bonds of the new Edna indepen-
dent school district in the sum of $65,000,
and the levying and collection of the tax
duly voted for such purposes, states
no cause of action." (Underscoring ours)

The court then held that although the creation
of the district had been validated and that bonds and
taxes thereafter voted might be levied and collected; bond
and maintenance taxes of the old district which had
never been assumed or authorized by an election held for
that purpose after the attachment of territory to the old
district, could not be levied and collected without a
vote as required by Section 3, Article 7 of the State
Constitution.

We do not consider it necessary to set out
Article 2802a at length, but note that by its express
terms, it also applies to common school districts.

Our citation of the foregoing acts of the
Legislature and the application of Article 2802a as
validating the creation of this district with its
added territory, and permitting the issuance of bonds
and levy of taxes properly submitted to a vote of the
people thereafter, should not be construed as suggest-
ing that such provisions as are contained in Section 2
of Article 2815g-7 are themselves constitutional, since
the Legislature does not have the power to validate
that which it is without constitutional power to authorize.

Johnson v. Lindsay (T. C. A. 1930, writ dismissed) 30 S. W. (2d) 655; Globe Indemnity Co. vs. Barnes (T. C. A. 1926) 280 S. W. 275.

It is our opinion that school district No. 5 of Refugio County may now legally levy and collect taxes on the 22,000 acres of land added to said district by House Bill 363, Ch. 219, Acts 39th Legislature, Regular Session, for the purpose of servicing bonds which it now proposes to issue; provided, however, that such bonds and taxes are properly authorized at an election held for that purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack*

Cecil C. Cammack
Assistant

CCC:LW

APPROVED FEB 14, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN