**SHIPP by SHIPP v. McCLANNAHAN, Special Judge, et al.**

No. 9833.

Court of Civil Appeals of Texas. San Antonio.

July 17, 1935.

E. P. Lipscomb, of San Antonio, for relator.

Saunders, Saunders & Whipple, of San Antonio, for respondents.

SMITH, Chief Justice.

Relator has presented his petition for mandamus against the officers of the court to require them to furnish relator with a statement of facts and transcript of the record, upon his affidavit of inability to pay the costs of appeal, or give security therefor, as provided in article 2266, as amended. Acts 1931, 42d Leg., p. 226, ch. 134, § 1 (Vernon's Ann. Civ. St. art. 2266).

It appears from the petition and answer filed in this court that relator filed his affidavit; that respondents timely contested the same by verified answer; that the matter was duly set down for hearing, and that upon the hearing relator excepted to the sufficiency of the controverting affidavit, whereupon, with leave of the court, respondents filed an amended affidavit to the contest, the sufficiency of which amended affidavit relator does not question; that the trial judge heard evidence upon the issues thus raised, resolved those issues against relator, denied the remedy of appeal without bond, and prepared and filed written findings of fact in support of the ruling.

Relator has not brought up any authenticated statement of facts adduced upon the hearing, or transcript of the proceedings, or findings, conclusions, or orders of the trial court. We are of the opinion that:

1. In such proceedings the statutes governing should be liberally construed and enforced in favor of the right of appeal.

2. It is within the discretion of the trial judge to allow amendment to both the affidavit in forma pauperis, and the controverting affidavit of the contestant.

3. While it is the province of the trial judge to determine the facts adduced upon the issues presented in the affidavit and contest, this court may, nevertheless, determine and declare the legal effect of those facts, and render judgment thereon.

4. When the remedy of mandamus is invoked in such cases, it is the duty of relator, where the petition is traversed and the allegations therein denied, to bring up duly authenticated statement of facts and transcript of the proceedings below, including the findings, conclusions, and orders of the trial judge. As this requirement has not been met by relator in this case, there is nothing before this court to support the writ of mandamus.

The petition for mandamus is accordingly denied.