**GROVES v. GOULD et al.**

No. 13507.

Court of Civil Appeals of Texas. Fort Worth.

May 15, 1936.

Claude Spratling, of Fort Worth, for relator.

Frank Ogilvie, of Fort Worth, for respondents.

SPEER, Justice.

This is an application by Frank M. Groves, relator, against Henry Gould, as official court reporter, and the Honorable A. J. Power, Judge of the Ninety-Sixth judicial district court, respondents, seeking an order at the hands of this court for the issuance of a writ of mandamus against the respondents, requiring the respondent Henry Gould to prepare and deliver to relator a transcript in duplicate, in narrative form, of the evidence introduced in cause No. 11025–A, styled Frank M. Groves v. National Loan & Investment Company, of Detroit, Mich., pending in the Ninety-Sixth judicial district court of Tarrant county, Tex.

In the alternative, relator asks that, if former orders by respondent Power be not sufficient to require the court reporter to make a narrative transcript of the proceedings had in the cause, then that our writ shall command him to do so.

This court, on April 29, 1936, issued to respondents its "show cause" order for hearing on May 8, 1936. All parties appeared and the matter was fully heard.

The record before us shows that Judge Power heard the application of the relator in the matter of his inability to pay the costs or give security therefor in his appeal from the judgment in the cause above referred to, and found the affidavit of the relator and the testimony offered sufficient and entered his order sustaining the same. That part of the order referring to the transcript of the testimony is as follows: "It is further ordered by the court that the clerk of this court prepare the transcript and that the transcript of all evidence herein adduced be prepared without demand of said plaintiff for such costs incurred or security therefor."

While it is true the order could have been more specific, in that the official court reporter could have been instructed to prepare a transcript of the testimony offered, yet, he being the only one to whom the order could apply in so far as the transcript of the testimony is concerned, we deem it sufficient, and there is nothing left for us to determine in so far as the respondent Power is concerned.

Respondent Gould, by his replication to relator's application to this court, objects thereto on the grounds (1) that the application does not show specifically the manner in which the relator desires the statement of facts and transcript of the testimony to be made; (2) that the application for mandamus is not properly verified; and (3) that the National Loan & Investment Company, of Detroit, Mich., has a right in the subject matter of the original suit and was not made a party to the proceeding before us.

The prayer in relator's application is for a writ of mandamus "compelling Henry Gould to prepare forthwith and deliver to relator a transcript in duplicate, in narrative form, of the evidence introduced in cause No. 11025–A, styled Frank M. Groves vs. National Loan & Investment Company, of Detroit, Michigan."

We consider this application sufficiently definite to apprise us of the relief sought and the nature of the manner in which the transcript of the testimony shall be made.

As to the third objection by respondents, we recognize the rule of law in this state that all persons interested in the subject matter to be affected by a writ of mandamus must be made parties to the action. Orange Grocery Co. v. Leverett (Tex.Civ.App.) 282 S.W. 625, 627, and authorities there cited. The court in that opinion said: "The rule is well settled that mandamus will not issue where it appears that it will affect persons not before the court, whose rights have not been determined in a previous suit."

The record before us clearly shows that all of the rights of the National Loan & Investment Company in the subject matter in this case were adjudicated by the court

in cause No. 11025–A, pending in the Ninety-Sixth judicial district court of Tarrant county, Tex., from which judgment the relator is prosecuting an appeal, and for this reason we conclude that the rights of the National Loan & Investment Company in the subject matter of this suit will not be affected if the writ applied for should be granted, and for this reason we overrule respondent's third objection to the application of the relator.

Respondent has objected to consideration of the application by us upon the ground that it is not properly verified and says the affidavit attached is equivalent to a statement that the facts alleged are based upon information and belief. We cannot agree with this contention. The attorney for relator states in his affidavit that "he is familiar with the facts alleged in the foregoing application for writ of mandamus and that the same are true in substance and in fact." This statement is perhaps as strong with reference to the truth of the facts alleged as it could have been made, and we do not consider it open to the objection made.

There is the further objection to the application made in respondent's replication to the effect that respondent Gould, as official court reporter, did not take down in shorthand the testimony adduced upon the trial, but the suggestion is made that one Kenneth Toal, a deputy court reporter, duly appointed in the Ninety-Sixth judicial district court of Tarrant county, did in fact keep a written record of all that transpired and occurred upon the trial of said cause. This being true, we consider the respondent Gould as the official reporter to said court, responsible for the acts of his deputy in the course of his employment, and that it is the duty of Gould to see that a proper transcript of the testimony is made when it becomes necessary.

Article 2323, Rev.Civ.Statutes, provides that, in case of unavoidable disability of the official shorthand reporter to perform his duties in reporting proceedings in court, the judge of the court may appoint a deputy to perform those duties, but that the official shorthand reporter shall receive his salary in full during the time he is temporarily unable to continue his duties, and for this reason respondent Gould would be required to see that the duties of the official shorthand reporter were complied with.

For the reasons stated, we deny the writ of mandamus as against respondent A. J. Power, judge of the Ninety-Sixth judicial district court of Tarrant county, but grant the writ in favor of relator Frank M. Groves as against respondent Henry Gould. And judgment will be entered instructing the clerk of this court to issue the writ of mandamus against respondent Henry Gould for the relief prayed for in relator's application.