## TRAMMEL v. FATHEREE.

### No. 10419.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 15, 1939.

On Rehearing March 8, 1939.

Rehearing Denied April 5, 1939.

Gordon Gibson and Mitchell Schwartzman, both of Laredo, for appellant.

Johnson & Long, of Carrizo Springs, for appellee.

MURRAY, Justice.

This is a suit for a temporary mandatory injunction instituted by J. C. Fatheree against Robert H. Trammel, seeking to require Trammel to remove a number of his cattle from what is called the Bermuda Colony Pasture, and to restrain him in the future from placing in said pasture more than a certain number of cattle.

The injunctive relief prayed for was granted by the trial judge and Trammel has appealed.

Appellee, Fatheree, has filed two affidavits in this Court, showing that Trammel has transferred all of his rights in the Bermuda Colony Pasture to one Arthur Ivy and has removed all of his cattle from the pasture. It is further shown that Trammel is not now threatening to place any cattle in this pasture. Under such circumstances this cause has become moot. Appellee asks that we dismiss the appeal. This we cannot do as under the circumstances such action would amount to pass-

ing upon the merits of the cause. However, in view of the showing made, it becomes our duty to reverse the judgment granting the injunction and dismiss the petition and it is accordingly so ordered.

Order reversed and cause dismissed.

## On Motion for Rehearing.

We have concluded that we were in error in reversing the judgment granting the injunction. The cause being moot, we should simply have dismissed the petition. City, etc. v. Martin, Tex.Sup., 123 S.W.2d 638.

Accordingly, the judgment heretofore entered reversing the judgment and dismissing the cause will be set aside and judgment entered dismissing the cause at the cost of appellant.