## SERVICE FINANCE CORPORATION V. ED GROTE.

No. 7486.  Decided July 26, 1939.
(131 S. W. 2d Series, 93.)

*Russell & Beaucaire,* of San Antonio, for plaintiffs in error.

*Keys & Holt* and *Hayden W. Head,* all of Corpus Christi, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This case, as presented here, involves only an appeal from an order granting temporary injunction by the District Court of Nueces County. The temporary injunction restrained defendant in error from making sale of certain automobiles pending final hearing upon merits of the controversy between the parties. Upon appeal, the Court of Civil Appeals dissolved the injunction. 119 S. W. (2d) 137.

Although writ of error was granted in favor of plaintiff in error, no application was made to the Supreme Court for an injunction pending disposition of the case in this court. Defendant in error has filed motion to dismiss the cause on the ground that it is moot. This motion is based upon the contention that since dissolution of the temporary injunction by the Court of Civil Appeals the defendant in error has sold all of the automobiles affected by the writ. In order to determine whether or not the case was moot the Supreme Court requested the Judge of the District Court of Nueces County to hold a hearing and ascertain whether or not, since dissolution of the injunction by the Court of Civil Appeals, there has been a bona fide sale or sales of the automobiles covered by the temporary injunction. Following said request, the Honorable Cullen W. Briggs, Judge of the 117th Judicial District Court of Nueces County, held such hearing, and under date of July 7,

1939, certified to the Supreme Court his findings of fact as developed on the hearing. Said findings have not been contested here. From these findings it appears that bona fide sales have been made of all automobiles actually affected by the temporary injunction, and said injunction can no longer have any force or effect, even if the judgment of the Court of Civil Appeals should be reversed. The cause, therefore, in so far as temporary writ of injunction is concerned, which is the only cause pending here, is moot.

The judgments of the Court of Civil Appeals and of the trial court are therefore vacated, and the cause in so far as said temporary injunction is concerned, is dismissed.

All costs incurred in the temporary injunction proceeding will be taxed against plaintiff in error, as it is plaintiff in the trial court. International Association of Machinists Union No. 1486 et al v. Federated Association of Accessory Workers et al, this volume page 624, 130 S. W. (2d) 282.

The Court formally extends thanks to Judge Briggs for his courteous cooperation and assistance in the matter of ascertaining the facts certified to the Court.

Opinion adopted by the Supreme Court July 26, 1939.