## TEXLITE, Inc., v. LIBERTY STATE BANK.

### No. 2335.

Court of Civil Appeals of Texas. Waco.

May 1, 1941.

McCombs & Andress, of Dallas, for appellant.

Read, Lowrance & Bates, of Dallas, for appellee.

HALE, Justice.

This is an attempted appeal from a garnishment proceeding. Appellant, Texlite, Inc., having secured a judgment against W. J. Wallace on May 16, 1939, for the sum of $9,004.96, caused a statutory writ of garnishment to be served upon The Liberty State Bank. Appellee duly filed its answer which contained all the information required by Article 4086, of Vernon's Annotated Texas Civil Statutes, entitling it to be discharged. Appellant controverted such answer solely upon the allegation that Wallace was a lessee of a safety deposit box located in the vaults of appellee, and that said box and its contents constituted effects of Wallace in the possession of garnishee, and it prayed for judgment "subjecting such safety deposit box and its contents to its judgment against the defendant, W. J. Wallace, by opening the box under orders of the court."

Appellee then filed further pleadings setting up the fact that Wallace had been a lessee of a safety deposit box during the

year 1938 under a written instrument evidencing the relation of landlord and tenant; that the lease had expired prior to the time when the writ was served upon it; that Wallace had not opened said box since September, 1938, and that the contents, if any, of the sealed box were exactly the same as existed at the time when the writ was served; that Wallace still retained the key to said box, and although garnishee had endeavored to collect rental after the expiration of the lease, it had been unable to do so, or to procure from Wallace the key to said box; that the box could not be opened without said key except by breaking or cutting out the lock with tools, thereby destroying the front part of the box. It further stated in its answer that it did not believe there was anything of value in said box, but that "it has no objection and enters no contest to the application of the plaintiff in garnishment to subject the contents of the box (if any) to the claim of the plaintiff."

The court, after hearing the evidence on the foregoing pleadings, entered an order and decree directing the garnishee to "open the safety deposit box in its vaults standing in the name of W. J. Wallace in the presence of an officer of this court"; that plaintiff, Texlite, Inc., recover no money judgment against the garnishee; that garnishee recover its attorney's fees and that the costs of the proceedings be taxed against plaintiff. The order recites that Texlite, Inc., duly excepted and gave notice of appeal therefrom.

■ Appellant has filed in this court a record of the proceedings had in the trial court. In its brief it assigns error on the action of the court in refusing to render a money judgment in its favor for the sum of $9,011.06, and in taxing the costs against it and in allowing the garnishee an attorney's fee. We do not find any allegation of any fact in any of the pleadings which could serve as a basis for any money judgment. It appears that the order appealed from gave to appellant all the relief it sought under the contest. The evidence was amply sufficient to support the implied findings of the trial court in support of the order entered. It was shown by the positive testimony that the lock box was under seal prior to the time when the writ was served and had been so continuously since that time. There was sufficient testimony to sustain the implied finding that appellee

acted in good faith in its effort to make a full and complete disclosure in its pleadings of all the material facts known to it, in accordance with the requirements of law, and that the facts recited in its pleadings were true. Therefore, if we regarded the order as a final judgment discharging the garnishee, so as to entitle us to pass upon the merits of the appeal, we would feel constrained to affirm the same. Gray v. Armour & Co., 129 Tex. 512, 104 S.W.2d 486; Beggs v. Fite, 130 Tex. 46, 106 S.W. 2d 1039.

■ However, we do not believe the order from which this appeal is attempted is a final judgment. While appellant prayed in its controverting plea for judgment as above shown and "further in the sum of $9011.06," the prayer alone, without any allegation of fact as a basis for the same, could not support any money judgment. The primary issue under the pleadings in the case was whether appellee had in its possession any effects belonging to W. J. Wallace. The order did not purport to dispose of that issue. Article 4089 of Vernon's Annotated Texas Civil Statutes, provides the character of decree which the court shall render in the event it is made to appear that the garnishee has in his possession, or had when the writ was served, any effects of the defendant liable in execution. Article 4090 of said statutes provides the character of order or decree which shall be rendered in the event the garnishee, after he has been adjudged to have such effects in his possession, shall fail or refuse to deliver them as directed. It does not appear from garnishee's answer, or otherwise, that the garnishee had in its possession at or subsequent to the time when the writ was served on it, any effects of W. J. Wallace. Certainly, it can not be contended that the decree from which this appeal is sought required appellee to deliver up to the sheriff or any constable any effects of any kind whatsoever. Since the decree did not purport to dispose of the primary issue drawn by the pleadings, we are of the opinion that the same was only an interlocutory order which was entered by the trial court for the purpose of enabling the court to determine what effects, if any, belonging to W. J. Wallace were in the lock box, and that such interlocutory order was not and is not a final judgment so as to be appealable. Booth v. Amicable Life Ins. Co., Tex.Civ.App., 143 S.W.2d 836, point 4, page 838, and cases there cited.

Furthermore, after the record and brief for appellant had been filed in this court, appellee filed its motion to dismiss this appeal on the ground that the matters in dispute, by reason of occurrences which have transpired since the original order was entered, have become moot. It is shown in said motion that after the order attempted to be appealed from had been rendered, and in accordance with its provisions, the safety box in the vaults of appellee standing in the name of W. J. Wallace was opened in the presence of an officer of the court, of counsel for appellant and of counsel for appellee, and others, and was found to be empty, there being nothing of any kind therein. It was further shown that the sealed box was thus opened by boring the front of the lock so that the lock could be taken out. The motion to dismiss the appeal is supported by affidavits in due form and the information therein contained has not been denied by appellant. We are of the opinion that if this court had acquired jurisdiction over the subject matter of the litigation, the motion to dismiss the appeal would be well taken and should be granted. Trammel v. Fatheree, Tex.Civ.App., 126 S.W.2d 673; Service Finance Corp. v. Grote, 133 Tex. 606, 131 S.W.2d 93; University Interscholastic League v. Sims, 133 Tex. 605, 131 S.W.2d 94; 3 Tex.Jur. p. 966, sec. 681.

Therefore, we conclude that the proper disposition to be made of the case is to dismiss the appeal at the cost of appellant, which is accordingly done.