## HARRISON v. KELL JONES & SON.

### No. 4938.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 29, 1953.

———◆———

John T. Lindsey, Port Arthur, for appellant.

D. H. O'Fiel, Beaumont, Harold R. Clayton, Port Arthur, for appellee.

WALKER, Justice.

This appeal is from an order entered in a garnishment proceeding, instituted to collect a judgment for money rendered in behalf of appellee against appellant. The appellee will be referred to as the plaintiff in garnishment. Writs were served upon two banks, and each garnishee answered. On its answer, First National Bank was entitled to discharge, and this answer was not con-troverted. The answer of Merchants National Bank showed that it had a safety deposit box which was in the judgment debtor's name, and the plaintiff controverted this answer. The judgment debtor made himself a party to the proceeding; and moved that both garnishees be discharged. The issues between the parties came on for hearing before the court, and the evidence showed that the judgment debtor had a safety deposit box in the Merchants National Bank which had been sealed since the writ of garnishment was served upon the bank; that this box was opened by two keys, one held by the judgment debtor and the other by the bank; and that in this box when the writ was served on the bank there was a certificate of stock in a corporation, the stock being worth about $160, and several thousand dollars worth of United States Government bonds which were referred to in general terms as "savings bonds;" and that some of these bonds belonged to the judgment debtor while others belonged to the debtor's wife, at least in part. There were other items in this box but none of these is material to this garnishment. According to plaintiff's brief the bonds were subject to the provisions of "Treasury Department circular" No. 530, dated June 1, 1942 and last amended on May 31, 1952 (the 7th revision) which is now Title 31, Code of Federal Regulations, part 315, Secs. 315.1 et seq. By an order dated June 10, 1953, the trial court discharged the First National Bank; but concerning the Merchants National Bank ordered that an inventory of the contents of the safety deposit box be taken by a committee made up of a named person, the judgment debtor, and a representative of the bank, and that the bank "upon application of the—plaintiff" is "directed to retain in its possession sufficient bonds, property of the original defendant, Votaw Harrison, to discharge the judgment" to collect which the garnishment had been filed. No disposition of the bonds was made in the order, and no other direction to the bank was made.

From this order of June 10th the judgment debtor took this appeal. He has assigned error only to that part of the order

which concerned the Merchants National Bank.

## Opinion

The appeal must be dismissed because the order appealed from is not final. This order, in substance, only provides for the impounding of effects while the proceeding is pending. See Texlite, Inc., v. Liberty State Bank, Tex.Civ.App., 150 S.W.2d 822 where the order directed the taking of an inventory. The judgment to be rendered in garnishment when it is shown that a garnishee has effects of the debtor's in his possession subject to garnishment is prescribed by Texas Rule 669, and see, also, Texas Rule 670 and 672.

Since the appeal is to be dismissed the Points of Error assigned will not be determined.

The appeal is dismissed and the costs of the appeal, both in the trial court and in this court, are adjudged against the appellant.