Charles F. BANTUELLE, Appellant,

v.

James F. RENFROE, et ux., Appellees.

No. 20905.

Court of Civil Appeals of Texas, Dallas.

April 21, 1981.

On Motion for Rehearing June 3, 1981.

Charles F. Bantuelle, pro se.

Neal E. Young, Dallas, for appellees.

Before GUITTARD, C.J., and AKIN and CARVER, JJ.

## ON MOTION TO CONTEST FILING OF RECORD WITHOUT PAYMENT OF COSTS

GUITTARD, Chief Justice.

This appeal is before us on an affidavit of appellant's inability to pay the costs or give security under rule 355 of the Texas Rules of Civil Procedure as amended January 1, 1981. Appellees have filed in this court a "motion to contest," in which they alleged that they never received a notice of filing of the affidavit, as required by rule 355(b). They ask this court to "set an evidentiary hearing to determine whether Appellant complied in all respects with Rule 355." Appellant contends that under the provision of rule 355(e), the allegations of the affidavit must be taken as true because, although a timely contest was filed by the district clerk, no ruling on the contest was made within ten days after its filing, as required by amended rule 355(e). Since there is a fact dispute as to whether appellant gave notice of the filing of the affidavit within two days, as required by rule 355(b), we grant appellees' motion and direct the trial court to hear evidence and make fact findings on the question of compliance with rule 355.

Before considering the questions raised by appellees' motion, we must dispose of appellant's objection that when the clerk of this court accepted and filed the transcript, a final decision was made that the appeal was duly perfected. We disagree. When our clerk accepts a transcript for filing, she is required by rule 388 of the Texas Rules of Civil Procedure to make a preliminary determination of whether a proper appeal bond or affidavit in lieu thereof has been given. That determination, however, is not an adjudication by the court itself and is subject to review. *See, e. g., Glidden Co. v. Aetna Cas. & Sur. Co.*, 155 Tex. 591, 291 S.W.2d 315, 318 (1956) (appeal dismissed for lack of jurisdiction because bond was not filed in time required).

We consider, therefore, the effect of the recent amendment to rule 355. The pur-

pose of that amendment was to avoid leaving an appellant without time to perfect his appeal if a contest to his affidavit in lieu of bond is sustained. In order to avoid undue delay, time limits are prescribed for notice of filing the affidavit, filing the contest, and ruling on the contest. These limits are prescribed in the following subdivisions of the rule:

(b) The appellant or his attorney shall give notice of the filing of the affidavit to the opposing party or his attorney within two days after the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security therefor.

(c) Any interested officer of the court or party to the suit may, by sworn pleading, contest the affidavit within ten days after the affidavit is filed, whereupon the court trying the case (if in session) or (if not in session) the judge of the court or county judge of the county in which the case is pending shall set contest for hearing, and the clerk shall give the parties notice of such setting . . . .

(e) If no contest is filed in the allotted time, or if no ruling is made on the contest within ten days of its filing, the allegations of the affidavit shall be taken as true.

The obvious purpose of the two-day notice in subdivision (b) is to give the appellee an opportunity to file his contest within the time prescribed in subdivision (c). Whether that notice was given in the present case is the principal question in dispute.

The record shows that the affidavit of inability to pay costs was filed on February 25 and that the district clerk filed a contest on the same day. Appellees allege in their motion to contest that their attorney received no notice of the filing of the affidavit until March 12, when he received notice of a hearing on the contest filed by the clerk. Another "motion to contest" was filed in this court by the court reporter, who attaches an uncertified copy of an order purportedly signed by the trial judge on March 20, reciting that a hearing was held on that date and that counsel for appellant

appeared, but presented no evidence showing that appellant gave a timely notice or that appellant was unable to pay the costs. The order provides that because of failure to give such notice, appellant is not entitled to prosecute the appeal without paying the costs or giving security therefor and that the contest of the district clerk is sustained.

In response to these motions, appellant has filed in this court an affidavit stating that he mailed a copy of the February 25 affidavit to appellees' attorney on the day it was filed.

We hold that whether appellant has perfected his appeal depends on whether he gave the notice required by rule 355(b). If he did, then, notwithstanding the clerk's contest, the allegations of the affidavit must be taken as true under rule 355(e) because no ruling was made on the contest within ten days after the contest was filed. We cannot consider the order of March 20, if properly before us, as determining that the notice was not given because on that date the time for ruling on the contest had already expired. On the other hand, if appellant did not give notice of the filing of the affidavit within two days, his appeal has not been perfected because he is not entitled to prosecute the appeal without paying the costs or giving security, as provided by rule 355(b). In the absence of the notice, no hearing or ruling on the contest was required.

Appellees assert in their motion that they are entitled to an evidentiary hearing on the question of whether the notice was given. Although the time for ruling on the contest has expired, we have authority to determine whether the notice was given as a matter affecting our jurisdiction. Article 1822 of the Texas Revised Civil Statutes (Vernon 1964) empowers the courts of civil appeals "upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction." In this case, since the crucial facts appear to be contested, affidavits would not provide satisfactory basis for decision. Although we may hear evidence on

such a matter and make the determination from that evidence, as held in *Seiter v. Marschall*, 105 Tex. 205, 147 S.W. 226, 229 (1912), the preferable procedure is to request the trial judge to hold a hearing to ascertain the pertinent facts and certify his findings to us for our further action. *See Texas Rubber Supply, Inc. v. Jetslide Int'l, Inc.*, 466 S.W.2d 279, 280 (Tex. 1971); *Service Finance Corp. v. Grote*, 133 Tex. 606, 131 S.W.2d 93 (1939). Accordingly, we direct the trial court to hear evidence and report to this court his findings concerning the following matters of fact:

(1) Did appellant mail a notice of the filing of his affidavit to appellees to their counsel within two days after filing the affidavit?

(2) If so, was such notice sent by registered or certified mail, as provided in rules 21a and 21b of the Texas Rules of Civil Procedure?

(3) Was the notice, if any, actually received by appellees or their counsel?

(4) If so, on what day was it received? Since these are the only fact questions to be determined, the court need not hear evidence on whether appellant is unable to pay the costs or give security therefor. When these proceedings are properly brought before us, we shall be in a position to determine whether an appeal has been perfected.

We note that the time for perfecting an appeal in this case has not yet expired. The judgment was signed on February 6, and appellant filed a motion for new trial on March 2. Consequently, under rule 356 of the Texas Rules of Civil Procedure, the time for perfecting the appeal will not expire until May 7. If appellant files a bond or another affidavit, the present motion must still be decided because, if this court determines that the appeal was perfected by filing the affidavit on February 25, any subsequent filing of a bond or another affidavit would have no effect on the appeal. *McCartney v. Mead*, 541 S.W.2d 202, 204 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). We need not consider whether a different result would follow if this court determines that no appeal was perfected

because no notice of the filing of the affidavit was given. Consequently, the trial court is directed to proceed with the hearing, whether or not any further filing is made in an attempt to perfect the appeal.

The motion is granted and the trial court is directed to hear evidence and report its findings promptly to this court in the questions of fact above stated.

## ON MOTION FOR REHEARING

After we delivered our earlier opinion, appellant filed a motion for rehearing, which we held pending the trial judge's report of his findings at the evidentiary hearing pursuant to our direction in that opinion. The report of the judge was subsequently filed, and appellees moved to dismiss the appeal. Appellant has also filed a motion for leave to file a petition for writ of mandamus requiring the judge to order the court reporter to prepare and transmit to this court a complete transcript of the evidence at that hearing and also a complete statement of facts of the trial on the merits. On May 6, 1981, we overruled appellant's motion for rehearing and also his motion for leave to file a petition for mandamus, and we sustained appellees' motion to dismiss the appeal. We now state our reasons for these rulings.

■ We consider first appellant's motion for rehearing of our order directing the trial court to hear evidence concerning whether appellant gave proper notice to appellees of their affidavit of inability to file a bond or secure the costs of the appeal. Appellant argues that since the clerk filed a contest, the clerk must be considered the "opposing party" within rule 355(b), so that no further notice to appellees or their counsel was required. Appellant contends further that by failing to file their own contest, appellees adopted the clerk's contest as their own, and since no ruling was made on the contest within ten days after its filing, the contents of the affidavit must be taken as true.

We cannot agree. The "opposing party," as specified in the rule is the appellee, the

party opposing the appeal. That party, as well as any interested officer of the court, has the right to contest the affidavit. Without notice of the filing of the affidavit, as required by the rule, the appellee has no opportunity to file his own contest and obtain a hearing within the proper time. He may adopt the clerk's contest as his own if he has timely notice, and he may obtain a hearing on it, but he does not adopt it merely by failing to file his own contest. We hold, therefore, that appellees could not be deprived of their right to contest the affidavit by failure of the court to rule on the clerk's contest within the proper time. Therefore, the motion for rehearing is overruled.

## ON MOTION FOR LEAVE TO FILE PETITION FOR MANDAMUS

The findings of the judge as stated in his report are subject to our review in the light of the evidence taken at the hearing on April 28, 1981, but no transcript of the evidence at that hearing is before us. Instead, appellant has filed a motion for leave to file a petition for writ of mandamus directing the trial judge to order the court reporter to prepare and transmit such a transcript. We deny leave to file this petition because it fails to show grounds for such extraordinary relief.

 Mandamus will not issue to compel a public official to perform an official act unless relator's right to have the act performed is clear. *Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887, 895 (Tex. 1968); *City of Ingleside v. Johnson*, 537 S.W.2d 145, 150 (Tex.Civ.App.—Corpus Christi 1976, no writ). There are three requisites for a writ of mandamus: a legal duty to perform a nondiscretionary act, a demand for performance, and a refusal. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

 The petition alleges that appellant had demanded of the judge that a statement of facts of the hearing be prepared by the court reporter and sent to this court, but that the judge had refused to provide such a statement of facts. This demand is insufficient because it is the duty of the

official reporter rather than the judge to prepare the statement of facts. *See Groves v. Gould*, 102 S.W.2d 1114, 1116 (Tex.Civ. App.—Fort Worth 1936, no writ); Tex.Rev. Civ.Stat.Ann. art. 2324 (Vernon Supp. 1981); *cf. Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (duty to file motion for rehearing in Court of Civil Appeals is duty of clerk rather than the court). Accordingly, before a writ of mandamus will be issued to require the reporter to prepare a statement of facts, the relator must show that a demand was made of the reporter and that he has refused. *Stark v. Dodd*, 76 S.W.2d 865, 869 (Tex.Civ.App.—Beaumont 1934, no writ); *cf. Callaghan v. Salliway*, 5 Tex.Civ.App. 239, 23 S.W. 837, 839 (1893, no writ) (mandamus will not lie to compel county judge to issue a warrant without demand and refusal by county clerk for certified copy of order allowing claim). Here no demand upon and refusal by the reporter is alleged.

Moreover, the petition does not allege that appellant tendered to the reporter the proper fee for preparation of such a statement of facts or, alternatively, that appellant was unable to make such a tender. Although the hearing concerned the relator's ability to pay costs, the relator has the duty to present to the court a duly authenticated statement of facts of the hearing on that issue. *Shipp v. McClannahan*, 85 S.W.2d 255, 256 (Tex.Civ.App.—San Antonio 1935, no writ). Even if appellant's affidavit of inability to pay or secure the costs of the appeal is taken as true under rule 355(e), it does not follow that appellant is unable to pay for the cost of transcribing the evidence at the hearing, which may be much less than the cost of a complete transcription of the evidence at the trial. For these reasons appellant's motion for leave to file the petition for writ of mandamus is denied.

## ON MOTION TO DISMISS APPEAL

Since no record of the evidence at the hearing on April 28, 1981, is before us, our determination of the jurisdiction of this court must be made from the trial judge's

findings. *See Goffney v. Lowry*, 554 S.W.2d 157, 158–59 (Tex. 1977). The judge's report filed in this court shows that after hearing evidence, the court found (1) that appellant did not mail a notice of the filing of his affidavit to appellees or their counsel within two days after filing the affidavit; (2) that the court heard no evidence from any witness that such notice was sent by either registered or certified mail, appellant himself testifying that he did not use either registered mail or certified mail; (3) that no notice of the filing of the affidavit was ever received by the appellees or their counsel as a result of any means of delivery; and (4) that appellee Rose Renfroe discovered for the first time on March 5, 1981, the eighth day after filing, while looking at the district clerk's records in the case, that appellant had filed the affidavit, and on the same day she communicated that discovery to her attorney, that being the first time such filing had been brought to his attention.

■ We conclude from these findings that appellant did not comply with the notice requirement of rule 355(b), and, therefore, is not entitled to prosecute this appeal without paying or securing the costs. In view of the judge's findings that appellant mailed no notice to appellees or their counsel within two days after filing of the affidavit and that no notice of the filing of the affidavit was received as a result of any means of delivery from appellant or his counsel, we need not decide whether the notice was ineffective because not given by certified or registered mail under rules 21a and 21b. Neither do we need to determine whether actual filing of a contest by the appellees within the ten days prescribed by rule 355(c) would have waived the notice.

For the reasons stated, appellant's motion for rehearing is overruled, his motion for leave to file a petition for writ of mandamus is denied, and appellees' motion to dismiss the appeal is sustained insofar as appellant asserts perfection of the appeal by filing his affidavit of inability to pay or secure costs on February 25, 1981. This dismissal is without prejudice to another appeal which appellant has perfected after our ruling of May 6, 1981.