**Linda MATLOCK, Relator,**

v.

**The Honorable Margarito GARZA, District Judge, Respondent.**

No. 13–87–045–CV.

Court of Appeals of Texas, Corpus Christi.

March 5, 1987.

---

Peter Steiner, Corpus Christi, for relator.

Roberta J. Hegland, Corpus Christi, for respondent.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an application for writ of mandamus. Relator seeks to have this Court issue a writ of mandamus directing the respondent, The Honorable Margarito Garza, to order the official court reporter for the 148th Judicial District Court in Nueces County, Texas, to prepare a statement of facts without charge to relator. We decline to issue the writ.

Relator's basis for the writ is that she timely filed with the trial court an affidavit of inability to pay costs and complied with all other applicable rules so as to entitle her to a statement of facts without charge in accordance with Tex.R.App.P. 40(a)(3)(A). It is relator's contention that, having timely filed a proper affidavit of inability to pay costs, and there being no contest to said affidavit, she was entitled under the provisions of Tex.R.App.P. 53(j) to a free statement of facts. However, more is required.

Tex.R.App.P. 40(a)(3)(B) requires that notice of the filing of the affidavit be given to the opposing party or his attorney "and to the court reporter of the court where the case was tried within two days after the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security therefore."

This cause arises out of a dismissal of relator's original cause of action as a discovery sanction. Relator filed a motion for new trial and to reinstate her cause of action. The affidavit of inability to pay costs in question was filed by relator as an *exhibit* at the hearing on the motion for new trial. The affidavit reads as follows:

My name is Linda Matlock. I am the Plaintiff in the above cause. Judge Garza has previously ordered that I pay certain sums as court costs for the failure to produce certain tax records and related items. I do not have the resources to pay this amount because I am too poor to do so. In addition, I am unable to give security for the satisfaction of this sum. If an appeal of this case is necessary, I remain unable to pursue it for the same reasons due to my poverty. From the time of the imposition of the first award of attorney's fees, I have not had the resources to pay such a penalty.

The affidavit was tendered into evidence by relator's attorney. During oral arguments before the Court of Appeals, relator's attorney admitted that he never filed this affidavit with the district clerk, nor was the affidavit served on the court reporter other than at the time it was handed to her to be marked as an exhibit at the hearing on the motion for new trial. Relator's attorney could not explain how the affidavit was filed with the clerk and became part of the transcript.

The question we must address is whether the handing of the affidavit to the court reporter to be marked as an exhibit at the hearing on relator's motion for new trial constituted sufficient notice to the court reporter that relator was claiming pauper status and was seeking a statement of facts without charge under Tex.R.App.P.

40(a)(3)(B). The next paragraph of Rule 40 gives one 10 days after notice in which to file a contest of the alleged pauper's status. The methods of giving notice are set forth in Tex.R.Civ.P. 21a, which requires that it be accomplished by service, registered mail, or personal delivery. Here, the only notice the court reporter received was by personal delivery. The issue is whether handing the court reporter the document as an exhibit during a hearing constitutes personal delivery so as to satisfy Rule 21a. We think not.

The "notice" that is anticipated in the rules is notification of the contents of a document. The hand delivery of it must be such so as to require a reasonable person to read the document and thus, be made aware of its contents. However, a court reporter receives many exhibits in the conduct of her official duties during a trial. To hold that delivery to the court reporter of an exhibit constitutes "personal delivery" under Rule 21a would require the court reporter to read the exhibits that are admitted into evidence, and thus, have knowledge and notice of their contents.

Since relator failed to comply with the provisions of Rule 40(a)(3)(B), the court reporter is not required to prepare a free statement of facts for relator. *See Bantuelle v. Renfroe*, 620 S.W.2d 635 (Tex.Civ. App.—Dallas 1981, no writ); *see also Furr v. Furr*, 721 S.W.2d 565 (Tex.App.—Amarillo 1986, no writ); *In the Matter of R.R.*, 664 S.W.2d 418 (Tex.App.—Corpus Christi 1983, no writ). Relator's application for writ of mandamus is denied.