TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00360-CV

Danny Leon Lucas, Appellant

v.

Jack Garner, Charlie Streetman, and D. J. Dretke, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NO. 92-16095, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

PER CURIAM

 The trial court granted judgment in favor of appellees Jack Garner, Charlie Streetman, and
D. J. Dretke on May 10, 1996. On May 24, 1996, appellant Danny Leon Lucas filed in the trial court an
affidavit of inability to pay the costs of appeal. However, the transcript received in this Court did not show
that Lucas gave notice of the filing to the opposing party within two days of the date it was filed. Tex. R.
App. P. 40(a)(3)(B).

 The Clerk of this Court notified Lucas that she could not file the transcript because it did
not show that the appeal had been properly perfected. If the two-day notice had been given, the Clerk
suggested that Lucas ask the district court clerk to include proof of notice in a supplemental transcript and
forward it to her office by August 9, 1996. Alternatively, if the two-day notice had not been given, the
Clerk invited Lucas to either explain to the Court in a motion why the two-day notice was not necessary,
or to amend the ineffective affidavit by posting bond or making a cash deposit. Tex. R. App. P. 83;
Aguirre v. Texas Dep't of Protective & Regulatory Serv., 917 S.W.2d 462, 464 (Tex. App.--Austin
1996, no writ); see also Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994). 

 Lucas chose to file a motion to continue the appeal on the basis that he filed a second
affidavit on August 1, 1996, that gave notice to the opposing party. However, rule 40(a)(3)(B) only affords
the appellant a single opportunity to file an affidavit giving proper notice, and specifically provides that
if notice is not given the appellant cannot proceed without paying the costs of appeal or giving security
therefore. The privilege of appealing without submitting a cost bond or substitute is lost if the appellant does
not comply with the notice requirement. Tex. R. App. P. 40(a)(3)(B); Bantuelle v. Renfroe, 620 S.W.2d
635, 640 (Tex. Civ. App.--Dallas 1981, no writ). 

 Since Lucas has not shown that he timely gave notice, or that he amended the ineffective
affidavit of inability to pay by filing a cost bond or substitute, he has not shown that he filed a proper
perfecting instrument. We have no jurisdiction over the cause in the absence of an effective perfecting
instrument. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978). We overrule Lucas's motion to
continue and dismiss the appeal for want of jurisdiction. Tex. R. App. P. 60(a); Bantuelle, 620 S.W.2d
at 640. 

Before Justices Powers, Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction

Filed: September 11, 1996

Do Not Publish