CV6-645.MAYO 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00645-CV







Randy Dale Mayo, Appellant



v.



Odell Denton, Aaron Lankford, Curt F. Steib, Randol L. Stout,


Charlotte Harris and John E. Sutton, Appellees







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-95-0373-C-1, HONORABLE PAT M. BASKIN, JUDGE PRESIDING







PER CURIAM

 

 Randy Dale Mayo attempts to appeal a final judgment dismissing his cause of action against
appellees Odell Denton, Aaron Lankford, Curt F. Steib, Randol L. Stout, Charlotte Harris and John E.
Sutton. The transcript was timely received. In reviewing the transcript, the Clerk of this Court noted that
Mayo filed a Notice of Appeal. By letter of December 2, 1996, the Clerk of this Court informed Mayo
that, by statute, he was not a party that may perfect an appeal by filing a Notice of Appeal. See Tex. Civ.
Prac. & Rem. Code Ann. § 6.001 (West Supp. 1997). 

 The Clerk of this Court also noted that the transcript contained a timely filed Affidavit of
Inability to Pay Costs of Appeal. Despite the timely filing of the affidavit, the transcript does not reflect that
notice was given by Mayo to the other parties and the court reporter within two days of filing the affidavit
of inability with the District Clerk. See Tex. R. App. P. 40(a)(3)(B) (if appellant fails to notify parties and
court reporter within two days of filing affidavit appellant shall be denied opportunity to proceed with
appeal without paying costs). While Mayo's perfection of an appeal by filing an affidavit of inability to pay
costs of appeal was defective, it represented a bona fide attempt to perfect an appeal. Linwood v. NCNB
Texas, 885 S.W.2d 102, 103 (Tex. 1993). 

 By the December 2 letter, the Clerk of this Court informed Mayo of the notice deficiency. 
Mayo was provided an opportunity to request that a supplemental transcript be prepared by the District
Clerk showing that timely notice was given to the opposing parties and the court reporter and filed in this
Court. Additionally, by the December 2 letter, the Clerk of this Court informed Mayo that if he failed to
give timely notice to the opposing parties and court reporter, he could file a cost bond or cash deposit with
the District Clerk. Tex. R. App. P. 83; Aguirre v. Texas Dep't of Protective & Regulatory Servs., 917
S.W.2d 462, 464 (Tex. App.--Austin 1996, no writ). The privilege of appealing without submitting a cost
bond or substitute is lost if the appellant does not comply with the notice requirement. Tex. R. App. P.
40(a)(3)(B); Bantuelle v. Renfroe, 620 S.W.2d 635, 640 (Tex. Civ. App.--Dallas 1981, no writ). 

 Since Mayo has not shown that he timely gave the two-day notice, or that he filed a cost
bond or cash deposit with the District Clerk, he has not shown that he filed a proper perfecting instrument. 
This Court has no jurisdiction over the cause in the absence of an effective perfecting instrument. Davies
v. Massey, 561 S.W.2d 799, 801 (Tex. 1978). 

 We dismiss the appeal for want of jurisdiction. Tex. R. App. P. 60(a); Bantuelle, 620
S.W.2d at 640. We also dismiss the related pending motion, appellant's motion titled "Objection to the
Transcript."




Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Appeal Dismissed for Want of Jurisdiction 

Filed: January 23, 1997

Do Not Publish



TER>NO. 03-96-00645-CV







Randy Dale Mayo, Appellant



v.



Odell Denton, Aaron Lankford, Curt F. Steib, Randol L. Stout,


Charlotte Harris and John E. Sutton, Appellees







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-95-0373-C-1, HONORABLE PAT M. BASKIN, JUDGE PRESIDING







PER CURIAM

 

 Randy Dale Mayo attempts to appeal a final judgment dismissing his cause of action against
appellees Odell Denton, Aaron Lankford, Curt F. Steib, Randol L. Stout, Charlotte Harris and John E.
Sutton. The transcript was timely received. In reviewing the transcript, the Clerk of this Court noted that
Mayo filed a Notice of Appeal. By letter of December 2, 1996, the Clerk of this Court informed Mayo
that, by statute, he was not a party that may perfect an appeal by filing a Notice of Appeal. See Tex. Civ.
Prac. & Rem. Code Ann. § 6.001 (West Supp. 1997). 

 The Clerk of this Court also noted that the transcript contained a timely filed Affidavit of
Inability to Pay Costs of Appeal. Despite the timely filing of the affidavit, the transcript does not reflect that
notice was given by Mayo to the other parties and the court reporter within two days of filing the affidavit
of inability with the District Clerk. See Tex. R. App. P. 40(a)(3)(B) (if appellant fails to notify parties and
court reporter within two days of filing affidavit appellant shall be denied opportunity to proceed with
appeal without paying costs). While Mayo's perfection of an appeal by filing an affidavit of inability to pay
costs of appeal was defective, it represented a bona fide attempt to perfect an appeal. Linwood v. NCNB
Texas, 885 S.W.2d 102, 103 (Tex. 1993). 

 By the December 2 letter, the Clerk of this Court informed Mayo of the notice deficiency. 
Mayo was provided an opportunity to request that a supplemental transcript be prepared by the District
Clerk showing that timely notice was given to the opposing parties and the court reporter and filed in this
Court. Additionally, by the December 2 letter, the Clerk of this Court informed Mayo that if he failed to
give timely notice to the opposing parties and court reporter, he could file a cost bond or cash deposit with
the District Clerk. Tex. R. App. P. 83; Aguirre v. Texas Dep't of Protective & Regulatory Servs., 917
S.W.2d 462, 464 (Tex. App.--Austin 1996, no writ). The privilege of appealing without submitting a cost
bond or substitute is lost if the appellant does not comply with the notice requirement. Tex. R. App. P.
40(a)(3)(B); Bantuelle v. Renfroe, 620 S.W.2d 635, 640 (Tex. Civ. App.--Dallas 1981, no writ). 

 Since Mayo has not shown that he timely gave the two-day notice, or that he filed a cost
bond or cash deposit with the District Clerk, he has not shown that he filed a proper perfecting instrument. 
This Court has no jurisdiction over the cause in the absence of an effective perfecting instrument. Davies
v. Massey, 561 S.W.2d 799, 801 (Tex. 1978). 

 We dismiss the appeal for want of jurisdiction. Tex. R. App. P. 60(a); Bantuelle, 620
S.W.2d at 640. We also dismiss the related pending