Affirmed and Memorandum Opinion filed August 25, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00249-CV

___________________

 

SHELTON R. MODELIST, Appellant

 

V.

 

DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE FOR AAMES FUNDING CORPORATION, COUNTRYWIDE
HOME LOANS, INC., AND REX L. KESLER, Appellees



 



 

On
Appeal from the 129th District Court

Harris County,
Texas



Trial Court Cause No. 2008-34011

 



 

 

MEMORANDUM OPINION

 

This is
an appeal from a summary judgment dismissing claims asserted against various
defendants by an individual whose home was the subject of a mortgage
foreclosure.  On appeal, the pro se appellant asserts that the trial
court erred by denying his application for a temporary restraining order, granting
appellees’ motion for summary judgment, denying appellant due process, and depriving
him of an adequate record on appeal.  We affirm.

I.  Factual and Procedural
Background

            

            In 2001, plaintiff/appellant
Shelton R. Modelist obtained a home equity loan in the amount of $40,000,
secured by a lien.  Modelist later went into default, and the holder of the
lien pursued foreclosure of the lien.  On June 3, 2008, the day of the
scheduled foreclosure sale of Modelist’s property, Modelist filed this lawsuit,
including an application for a temporary restraining order (“TRO”) against defendants/appellees
Deutsche Bank National Trust Company, as trustee for Aames Funding Corporation
(“Deutsche Bank”), Countrywide Home Loans, Inc., and Rex Kesler (collectively
“Defendants”).  Modelist asserted that foreclosure on his home was barred by a statute
of limitations.  Modelist sought a TRO to prevent the foreclosure sale from
occurring as scheduled on June 3, 2008.

            Modelist did
not obtain a TRO, and on June 3, 2008, Deutsche Bank purchased the property at
the foreclosure sale.  On February 3, 2009, the trial court signed an order
denying Modelist’s application for a TRO.  In his amended petition, Modelist alleged
that the Defendants engaged in fraudulent activities surrounding the
foreclosure sale and that Deutsche Bank purchased the property at the
foreclosure sale without notice to Modelist.  Modelist alleged that the
Defendants conspired with one other to defraud Modelist.  Modelist asserted
claims for trespass to try title, fraud, and breach of contract.  The Defendants
filed a motion for summary judgment, asserting traditional and no-evidence
grounds.  Modelist did not file a summary-judgment response, and the trial court
granted a final summary judgment in the Defendants’ favor.  

            Modelist
filed a Motion for New Trial and, in the alternative, a Motion to Vacate Void Judgment
(“Motion for New Trial”), alleging, among other things that he was denied due
process because he allegedly was not provided with notice of the
summary-judgment hearing or a copy of the Defendants’ summary-judgment motion. 
Modelist’s motion was overruled by operation of law.       

II.  Issues and Analysis

 

On appeal,
Modelist contends that the trial court erred by (1) denying his application for
a TRO, (2) granting the Defendants’ summary-judgment motion, (3) denying his Motion
for New Trial, and (4) depriving him of an adequate record on appeal by failing
and refusing to deliver the reporter’s record from a June 3, 2008 hearing on
Modelist’s application for TRO.








Did the trial court abuse its discretion and deny Modelist
due process of law by denying his application for a temporary restraining order?

 

In his
first issue, Modelist argues that the trial court abused its discretion and
denied him due process of law by denying the application for TRO that he filed
on the day of the foreclosure sale.  The trial court apparently held a hearing
on this application on June 3, 2008, but did not rule on that date.  The trial
court denied Modelist’s application for TRO on February 3, 2009.  Because the
foreclosure sale already has occurred, Modelist’s appellate challenge to the
denial of his TRO application is moot.  See Serv. Fin. Corp. v. Grote,
131 S.W.2d 93, 93–94 (Tex. 1939); Schulze v. EMC Mortg. Corp., No.
04-08-00010-CV, 2008 WL 2116277, at *1 (Tex. App.—San Antonio May 21, 2008, no
pet.) (mem.op.).  Accordingly, we lack jurisdiction over Modelist’s first
appellate issue.

Did
the trial court abuse its discretion by denying Modelist’s motion for new trial?

 

            Under his third issue, Modelist argues
that the trial court abused its discretion in denying his Motion for New Trial because
he was not given notice of the hearing on the Defendants’ summary-judgment motion
and because he was not served with a copy of this motion.  The record reflects,
and Modelist concedes, that the Defendants served a copy of their
summary-judgment motion and timely notice of hearing on that motion upon the
attorney who had signed Modelist’s live petition at the time.  If that attorney
was Modelist’s attorney of record when this motion and notice of hearing were
served, then Modelist’s claims lack merit.  

The law
presumes that a trial court will grant summary judgment only after proper
notice to the parties.  See Jones v. Texas Dept. of Public Safety, 803
S.W.2d 760, 761 (Tex. App.—Houston [14th Dist.] 1991, no writ).  To rebut this
presumption, Modelist had the burden to affirmatively show a lack of notice.  See
id.  The attorney upon whom the Defendants served the motion and notice of
hearing had signed Modelist’s live petition.  Our record contains no motion to
withdraw, order granting withdrawal, or anything else that would indicate that
this attorney was not Modelist’s attorney of record in the trial court at the
relevant time.  Nothing attached to Modelist’s timely Motion for New Trial
rebuts the presumption of notice or indicates that this attorney was not
Modelist’s attorney of record at the relevant time.  

Documents
attached to Modelist’s Motion for New Trial indicate that on July 2, 2009, this
same attorney withdrew as attorney of record for Modelist in his separate
appeal in this court from a forcible-detainer judgment.  See Modelist v.
Deutsche Bank National Trust Company, No. 14-09-00134-CV, 2010 WL 3002099,
at *1–4 (Tex. App.—Houston [14th Dist.] Aug. 3, 2010, pet. denied) (mem. op.). 
But evidence that this attorney withdrew from representing Modelist in a
separate appeal in this court does not prove that this counsel withdrew in the
trial court in the case under review.  See Tex. R. Civ. P. 10.  In the evidence attached to his Motion
for New Trial, Modelist did not rebut the presumption that he received proper
notice.[1]  See Jones,
803 S.W.2d at 761–62.  Because the record reflects that the Defendants timely
served Modelist’s attorney of record with the summary-judgment motion and
notice of hearing, the trial court did not abuse its discretion by rejecting
Modelist’s notice arguments in his Motion for New Trial.  

Under
his third issue, Modelist also asserts that the trial court lacked subject-matter
jurisdiction because Deutsche Bank does not exist and because the foreclosure 
allegedly was barred by the statute of limitations.  Modelist does not cite to
any proof that Deutsche Bank does not exist.  In any event, even if Deutsche
Bank did not exist and even if the foreclosure were the barred by statute of
limitations, this would not deprive the trial court of subject-matter
jurisdiction in the case under review.  See Modelist, 2010 WL 3002099,
at *4.  

Because
the arguments under the third issue lack merit, we overrule this issue.

Was appellant deprived of an adequate record on
appeal?

 

            Under his
fourth issue, Modelist asserts that, he was deprived of an adequate record on
appeal and the right to be heard because the trial court and the court reporter
failed and refused to prepare and deliver the reporter’s record from the
hearing conducted on June 3, 2008, regarding Modelist’s application for TRO. 
The record does not reflect that appellant paid the court reporter’s fee, made
satisfactory arrangements with the court reporter to pay the fee, or is
entitled to appeal without paying the fee.  See Tex. R. App. P.
35.3(b)(3).  Therefore, Modelist’s fourth issue lacks merit and is overruled.

Did the trial court err in granting summary judgment?

 

Under
his second issue, Modelist contends that the trial court erred in granting the
Defendants’ summary-judgment motion.  In this motion, the Defendants asserted
no-evidence grounds against at least one essential element of each of
Modelist’s claims.  Modelist did not file a summary-judgment response before
the trial court granted summary judgment.  Therefore, the trial court did not
err in granting summary judgment, and we overrule Modelist’s second issue.  See
Lee v. Palacios, No. 14-06-00428-CV, 2007 WL 2990277, at *1–3 (Tex.
App.—Houston [14th Dist.] Oct. 11, 2007, pet. denied) (mem. op.).

Having
found that Modelist’s first issue is moot and that his other issues lack merit,
we affirm the trial court’s judgment.

 

 

 

 

/s/        Kem Thompson Frost

Justice

 

Panel consists of Chief Justice
Hedges and Justices Frost and Christopher.









[1]
Modelist also relies upon a supplement to his Motion for New Trial and
accompanying evidence that he filed more than thirty days after the trial
court’s final judgment.  Because this supplement was untimely, it preserved
nothing for this court’s review.  See Moritz v. Preiss, 121 S.W.3d 715,
720–21 (Tex. 2003).