**In the Matter of R.R., a Child.**

**No. 13–83–386–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 8, 1983.

---

Sheryll Dempsey, Odem, for appellant.

Richard D. Hatch, County Atty., Sinton, for appellee.

Before NYE, C.J., and UTTER, BISSETT, YOUNG, KENNEDY and GONZALEZ, JJ., En Banc.

## OPINION

UTTER, Justice.

This is an appeal from a Judgment signed on July 12, 1983, in which the appellant, a juvenile, was found to have engaged in delinquent conduct.

On July 20, 1983, appellant filed an Affidavit of Inability to Give Cost Bond with the District Clerk wherein he stated that he was unable to pay all or any part of the costs of appeal and that he desired to take an appeal from the whole of the judgment to the Court of Appeals.

On August 25, 1983, the State filed a "Motion to Abate Appeal", and, on September 6, 1982, the State filed a "Motion for Dismissal for Lack of Jurisdiction." The grounds for both motions were (1) that the State did not receive notice of the filing of appellant's Affidavit of Inability to file Cost Bond as required by Tex.R.Civ.P. 355(b) and (2) that the time in which to perfect an appeal had then passed. This fact has not been contested by appellant.

TEX.FAM.CODE ANN. § 56.01(b) (Vernon 1975) provides that appeals from a juvenile court "are as in civil cases, generally." The Texas Supreme Court has previously considered the procedural requirements of appeals in juvenile matters and has held that, as far as practicable, they are to be governed by the rules relating to civil procedure and are civil in nature. *Brenan v. Court of Civil Appeals, Fourteenth District,* 444 S.W.2d 290 (Tex.1969).

The Texas Rules of Civil Procedure do not exempt parents, next friends, or minors from the requirement of giving an appeal bond, or a pauper's affidavit in lieu thereof, in addition to the notice of appeal. Therefore, no appeal may be perfected by a minor without complying with Tex.R.Civ.P. 354, 355.

Tex.R.Civ.P. 355(b) provides:

"The appellant or his attorney *shall give notice* of the filing of the affidavit to the opposing party or his attorney within two days after the filing; *otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security thereof.*" (Emphasis added.)

In a recent case from the Dallas Court of Civil Appeals, Chief Justice Guittard decided the exact same question presented here. The Dallas Court held that, if an appellant does not give the required notice of the filing of the affidavit within two days, his appeal has not been perfected. *Bantuelle v. Renfroe,* 620 S.W.2d 635 (Tex.Civ.App.—Dallas 1981, no writ).

In the case before us, appellant's attorney received a letter from this Court inquiring whether the Family Code provisions concerning appeal had been complied with. Appellant's attorney responded that she felt it sufficient to have given notice of

appeal orally at the conclusion of the Modification hearing. As the cases cited above indicate, appellant's attorney was mistaken in this belief.

 We are aware, of course, that, where a guardian ad litem appeals for a minor in his fiduciary capacity, he is not required to give an appeal bond. TEX.REV.CIV. STAT.ANN. art. 2276 (Vernon 1971) provides:

> "Executors, administrators and guardians appointed by the Courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity."

*See also Sheehan v. Southern Pacific Co.,* 422 S.W.2d 948 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.); *Park v. Hominick,* 522 S.W.2d 533 (Tex.Civ.App.—Corpus Christi 1974, no writ.).

In our case, the trial court appointed Sheryll S. Dempsey to represent the child as his attorney and Guardian Ad Litem. At the termination of the modification hearing, Ms. Dempsey gave oral notice of appeal. No written notice of appeal was ever filed by Ms. Dempsey as Guardian Ad Litem for the juvenile in compliance with Tex.R. Civ.P. 356(c). Indeed, appellant proceeded with the appeal by filing a pauper's affidavit as allowed by the Texas Rules of Civil Procedure. This step for perfection of appeal would not have been necessary if Ms. Dempsey had filed notice of appeal in her fiduciary capacity since she would not have been required to file a cost bond.

We therefore hold that appellant failed to give notice of the filing of his pauper's affidavit as required by Tex.R.Civ.P. 355(b) and, thus, does not have the right to prosecute the appeal without paying the costs or giving security. Since no costs were paid or security given, this Court lacks jurisdiction to consider the appeal.

Appeal dismissed.

GONZALEZ, Justice, dissenting.

I respectfully dissent for the reason stated in my dissent in Cause Number 13–83–374–CV, *In the Matter of R.H., A Child,* 664 S.W.2d 415, announced today.