664 S.W.2d 415 (1983)
In the Matter of R.H., A Child.
No. 13-83-374-CV.
Court of Appeals of Texas, Corpus Christi.
December 8, 1983.
*416 Thomas Schumacher, Corpus Christi, for appellant.
Richard D. Hatch, County Atty., Sinton, for appellee.
Before NYE, C.J., and BISSETT, YOUNG, UTTER, KENNEDY and GONZALEZ, JJ., En Banc.

OPINION
GONZALEZ, Justice. NYE, Chief Justice.
This is an attempted appeal from an Order of Commitment signed on July 5, 1983, in which the appellant, a juvenile, was committed to the care, custody and control of the Texas Youth Council. After the order was signed nothing further was done until August 4, 1983, when the appellant's mother, A.H., acting individually, filed an Affidavit of Inability to Give Cost Bond and an Affidavit of Inability to Afford Counsel on Appeal with the District Clerk of San Patricio County. Appellant's mother states in her Affidavit (of Inability to Give Cost Bond) that she and her son are unable to pay any part of the costs of appeal and that they desire to take an appeal from the judgment of the trial court to the Court of Appeals. The mother did not notify the opposing party of the filing of the affidavit.
The State of Texas, represented by the County Attorney of San Patricio County, has filed a Motion to Abate the Appeal and a Motion for Dismissal for Lack of Jurisdiction. Appellee's motions state that they did not receive notice of the filing of appellant's Affidavit of Inability to file Cost Bond as required by Rule 355(b), Tex.R. Civ.P. and the time has now passed in which to perfect an appeal from the July 5, 1983, Commitment Order.
The Tex.Fam.Code Ann. § 56.01(b) (Vernon 1975) provides that appeals from a juvenile court "are as in civil cases, generally." The Supreme Court has previously considered the procedural requirements of such appeals in juvenile matters and has held that, as far as practicable, they are to be governed by the rules relating to civil procedure and are civil in nature. Brenan v. Court of Civil Appeals, Fourteenth District, 444 S.W.2d 290 (Tex.1969).
The Rules of Civil Procedure do not exempt parents, next friends, or minors from the requirement of giving an appeal bond, or a pauper's affidavit in lieu thereof, in addition to the notice of appeal. Therefore, no appeal may be perfected by a minor without complying with Rules 354, 355, Tex. R.Civ.P.
Tex.R.Civ.P., Rule 355(b) provides:
"The appellant or his attorney shall give notice of the filing of the affidavit to the opposing party or his attorney within two days after the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security thereof." (Emphasis added).
In a recent case from the Dallas Court of Appeals, Chief Justice Guittard decided the exact same question presented here. The Dallas Court held that if an appellant does *417 not give notice of the filing of the affidavit within two days, his appeal has not been perfected. Bantuelle v. Renfroe, 620 S.W.2d 635 (Tex.Civ.App. - Dallas 1981, no writ).
In the case before us, the appellant admits that notice of the filing of the pauper's affidavit was not given to the State. He argues, irrespective, that notice is not required and that even if such notice was required the failure to give it was harmless error. We believe that it is just as important to the orderly appellate process for parents, next friends, and minors to comply with the Rules of Civil Procedure as do all litigants. If the Supreme Court or the legislature had desired to exempt juveniles from complying with the Rules of Civil Procedure, they could have provided automatic appeals in all juvenile cases. The failure to give notice as mandated by Rule 355(b) deprives the appellant of the right to prosecute his appeal without paying the costs or giving security. Since no costs were paid or security given, this Court lacks jurisdiction to consider the appeal.
We feel compelled to point out that there is nothing in the record, nor does appellant's attorney claim, that he was attempting to perfect the appeal in his fiduciary capacity as a Guardian Ad Litem. If he were, he would, of course, have been exempt from posting an appeal bond or affidavit in lieu thereof as the law so provides. Sheehan v. Southern Pacific Co., 422 S.W.2d 948 (Tex. Civ.App. - Houston [1st Dist.] 1967, writ ref'd n.r.e.); Tex.Rev.Civ.Stat.Ann. art. 2276 (Vernon 1971). Instead, the juvenile proceeded with an attempted appeal by filing a pauper's affidavit, signed by his mother, without notice to anyone. Under these circumstances, we hold that appellant sought to appeal as a pauper and as such did not comply with the jurisdictional requirement of notice.
The appeal is DISMISSED.
GONZALEZ, Justice, dissenting.
I respectfully dissent. I would deny the State's motion to dismiss the appeal on both cause numbers 13-83-374-CV and 13-83-386-CV, 664 S.W.2d 418, on the basis that appellants are being represented by a guardian ad litem and, as such, are exempt from filing an appeal bond. I would also hold that the affidavits of inability to file cost bond complied with the notice requirements of TEX.R.CIV.P. 356(c).
Today, three juvenile cases with identical questions were announced by our Court. In No. 13-83-369-CV, In the Matter of A.M., a Child, 664 S.W.2d 414, after the child was committed to the Texas Youth Council, his attorney, who had been appointed by the trial court as the child's attorney and guardian ad litem, filed an Affidavit of Inability to Give Bond. Neither appellant nor his attorney gave notice to the State of the filing of this affidavit. The State filed separate motions to abate and to dismiss the appeal for lack of compliance with TEX. R.CIV.P. 355(b). There was nothing in the record to indicate nor did the attorney claim that he was attempting to perfect the appeal in his fiduciary capacity as guardian ad litem. Nonetheless, the majority presumed that the attorney was acting as a guardian ad litem in his fiduciary capacity and denied the State's Motion to Dismiss the appeal.
In No. 13-83-386-CV, In the Matter of R.R., a Child, 644 S.W.2d 418, the child had been committed to the Texas Youth Council. Appellant filed an Affidavit of Inability to Give Cost Bond and, as in the preceding case (No. 13-83-369-CV), neither appellant nor his attorney gave notice to the State of the filing of the affidavit. As in the preceding case (No. 13-83-369-CV), the attorney was appointed by the trial court as attorney and guardian ad litem. The State filed separate motions to abate and to dismiss the appeal. In this case (No. 13-83-386-CV), however, the majority was not willing to make the presumption that the attorney was acting as guardian ad litem in his fiduciary capacity and dismiss the appeal.
In the case before us (No. 13-83-374-CV), the trial court appointed Thomas Schumacher attorney and guardian ad litem *418 of the child and Schumacher has continually represented the child. After the child's commitment to Texas Youth Council, appellant's mother signed an Affidavit of Inability to Give Cost Bond and the State was not given notice of the filing of this affidavit in compliance with TEX.R.CIV.P. 356(c).[1] Even though neither appellant nor his mother is schooled in the law, the majority was not willing to make the logical presumption that Schumacher prepared and filed the affidavit and, as such, acted in his fiduciary capacity as the child's guardian ad litem in perfecting the appeal.
I do not understand the majority's rationale in making the presumption in one case but not in the other two. If strict compliance with the rules is the reason, why affirm any of these cases when none of them affirmatively show that the attorneys were proceeding as guardian ad litem in their fiduciary capacity?
When people lose substantial freedoms, (i.e. confinement by public authority), these persons, whether they are adults or minors, are entitled to at least one appellate review, and we should liberally construe the rules and make reasonable presumptions to effectuate this end. I think that such an approach is consistent with the admonition of TEX.R.CIV.P. 1 which mandates that the rules shall be liberally construed in order "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants...."
In closing, the majority cites with approval the case of Bantuelle v. Renfroe, 620 S.W.2d 635 (Tex.Civ.App. - Dallas 1981, no writ). It must be noted that Bantuelle is not a juvenile case. Therefore, great care should be used in deciding juvenile cases (personal rights) with rules that generally apply to civil matters (property rights). Therefore, its not practicable to apply TEX. R.CIV.P. 355(b) to juvenile cases. See Brenan v. Court of Civil Appeals, Fourteenth District, 444 S.W.2d 290 (Tex.1969). For these reasons, if the majority is unwilling to presume that the attorneys acted as the child's guardian ad litem in all three cases, it should grant the State's motion to abate these appeals and then should allow appellants time to comply with TEX.R.CIV.P. 355(b).
NOTES
[1] The transcript and statement of facts are before us and they show that appellant's father is dead, that he and his mother are unemployed, and that his family is receiving food stamps. The record also shows appellant's mother has a seventh grade education.