746 S.W.2d 500 (1988)
In re V.G.
No. 01-87-00550-CV.
Court of Appeals of Texas, Houston (1st Dist.).
February 4, 1988.
*501 Dan Easterling, Houston, for appellant.
Richard A. Dawson, Asst. Dist. Atty., Ft. Bend County, for appellee.
Before JACK SMITH, COHEN and HOYT, JJ.

OPINION
JACK SMITH, Justice.
This is an appeal from a judgment from a county court at law, sitting as a juvenile court, that certified appellant as an adult, waived juvenile jurisdiction of his person, and transferred him to criminal district court for prosecution as an adult, pursuant to Tex.Fam.Code Ann. § 52.04 (Vernon 1986 & Supp.1988). From this judgment, appellant filed a timely pauper's affidavit, but did not give notice to the State of the filing of the affidavit.
By cross-point, the State argues that appellant's failure to give notice of the filing of the affidavit deprives this Court of jurisdiction to entertain this appeal.
Notice of an appeal from juvenile court "shall be given to the juvenile court as in civil cases generally." Tex.Fam.Code Ann. § 56.01(d) (Vernon 1986). Tex.R.App.P. 40(3)(B) requires that "[t]he appellant or his attorney shall give notice of the filing of the affidavit to the opposing party or his attorney and to the court reporter of the court where the case was tried within two days after the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security therefor." (Emphasis added.)
These procedures and provisions are the same as those formerly provided for in Tex.R.Civ.P. 355(a) and (b).[1] Under that rule, two appellate courts have held that the giving of the two-day notice was mandatory, and the failure to do so required a refusal of the pauper's affidavit. Those courts held that without the affidavit, the jurisdictional requirements for perfection of an appeal were not met, and both appellate courts dismissed the appeals. See In re R.R., 664 S.W.2d 418, 419 (Tex.App. Corpus Christi 1983, no writ), and Bantuelle v. Renfroe, 620 S.W.2d 635, 640 (Tex. Civ.App.Dallas 1981, no writ) (op. on motion to dismiss). The Fort Worth Court of Appeals recently reiterated this holding in a per curiam opinion, dismissing an appeal because the two-day notice was not given. Furr v. Furr, 721 S.W.2d 565 (Tex.App. Fort Worth 1986, no writ).
In re R.R., 664 S.W.2d at 418, involved a proceeding under the juvenile provisions of the Family Code. The court specifically held that the "Texas Rules of Civil Procedure do not exempt parents, next friends, or minors from the requirements of giving an appeal bond, or pauper's affidavit in lieu thereof, in addition to notice of the appeal. Therefore, no appeal may be perfected by a minor without complying with Tex.R.Civ.P. 354, 355." Id. at 419.
In his response to the State's motion to dismiss, the appellant's counsel admitted that he "felt no need to formally serve the Pauper's Oath on appeal through the mail or in person to `the opposing party or his attorney' since he [the assistant district attorney] already had a copy...." Appellant's counsel does not claim that the State received notice within the two-day period, but claims that "shortly after June 10, 1987," he verified that the affidavit had been filed, and that the assistant district attorney was made aware of the filing by the district clerk. The State's verified motion to dismiss reflects that the assistant district attorney obtained his copy after he called the clerk's office and determined that the affidavit had been filed some 14 days earlier. However, the time period to contest the filing of the pauper's affidavit is 10 days after its filing, Tex.R.App.P. 40(3)(C), and failure to file a contest within 10 days requires the allegations in the affidavit to be taken as true. Tex.R.App.P. *502 40(3)(E). The State's failure to receive the required notice deprived it of the right to contest the filing of the pauper's affidavit.
It is not sufficient to give only oral notice of the appeal, In re R.R., 664 S.W.2d at 418. The requirements of notice governed by Tex.R.Civ.P. 21a, mandating delivery in person or by mail, must also be met. Bantuelle v. Renfroe, 620 S.W.2d at 638-640. Because no notice of the pauper's affidavit was given as required by the rules of civil procedure, the appellant has not complied with the jurisdictional requirements for perfection of his appeal.
The results in this case appear particularly harsh because the State had actual notice of the filing of the affidavit at some point in time and had obtained copies of it from the clerk's office. But appellant's counsel admitted that he failed to comply with the notice requirements of rule 21a within two days of filing.
The rules are mandatory, and "if the Supreme Court or Legislature had desired to exempt juveniles from complying with the Rules of Civil Procedure, they could have provided automatic appeals in all juvenile cases." In re R.H., 664 S.W.2d 415 (Tex.App.Corpus Christi 1983, no writ).
The appeal is dismissed.
COHEN, Justice, concurring.
I join the court's opinion. Nevertheless, I realize that an attorney's failure to comply with very similar procedural requirements in Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), led to a holding of ineffective counsel on appeal and consequently, an out of time appeal. The same result might follow here, even though juvenile cases are "civil," see In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and this is not a delinquency adjudication, but merely a transfer to district court for such an adjudication to take place in the future. Therefore, I would add that I have reviewed appellant's contentions on the merits and find no reversible error. Thus, appellant was not harmed by his attorney's failure to notify the State that the pauper's oath had been filed.
NOTES
[1] Repealed by order of April 1, 1986, effective September 1, 1986.