IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-398-CV





GEORGE GOODSON,



 APPELLANT


vs.





THOMAS M. GOFF AND BOB SPENCE,



 APPELLEES


 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CV93-1242-A, HONORABLE DICK ALCALA, JUDGE PRESIDING



 





PER CURIAM

 Appellant George Goodson, acting pro se, seeks to appeal from the trial court's
take-nothing judgment. We will dismiss the appeal for want of jurisdiction.

 The trial court signed its final judgment on April 5, 1994. Goodson filed a timely
motion for new trial. Tex. R. App. P. 329b(a). On July 5, 1994, Goodson filed a timely affidavit
to proceed in forma pauperis on appeal, which this Court treated as an affidavit of inability to pay
costs of appeal. See Tex. R. App. P. 40(a)(3)(A). On July 25, 1994, Goodson filed a document
titled, "NOTICE OF APPEAL AND, PROCEED IN FORMA PAUPERIS." On August 9, 1994,
the Clerk of this Court received the transcript in this cause. 

 The record does not reflect that Goodson gave notice of the filing of the July 5,
1994, affidavit to the opposing parties or their attorney or to the court reporter. Tex. R. App.
P. 40(a)(3)(B). Goodson may not rely on the July 25, 1994, notice of appeal because he did not
file this perfecting instrument within ninety days after the date the judgment was signed. See Tex.
R. App. P. 40(a)(2), 41(a)(1); Gonzales v. Doctor's Hosp.--East Loop, 814 S.W.2d 536, 537 (Tex.
App.--Houston [1st Dist.] 1991, no writ, [leave denied]) (a late-filed perfecting instrument does
not invoke court of appeals' jurisdiction over appeal). (1) Thus, Goodson cannot prosecute his
appeal without paying costs or giving security therefor. Tex. R. App. P. 40(a)(3)(B); Wheeler
v. Baum, 764 S.W.2d 565, 566 (Tex. App.--Houston [1st Dist.] 1988, orig. proceeding); In re
V.G., 746 S.W.2d 500, 501-02 (Tex. App.--Houston [1st Dist.] 1988, no writ). Goodson has not
filed an appeal bond or made a cash deposit in lieu of bond and it is no longer possible for him
to do so timely. (2) Tex. R. App. P. 41(a)(1), (2). Accordingly, we dismiss the appeal for want of
jurisdiction. Tex. R. App. P. 60(a)(2).


Before Chief Justice Carroll, Justices Jones and Kidd

Appeal Dismissed for Want of Jurisdiction

Filed: September 21, 1994

Do Not Publish
1. [1]  Thus, we do not discuss whether Goodson can perfect appeal by notice of appeal. We also
do not address the notice defects apparent in the July 25, 1994, notice of appeal if it is treated as
an affidavit of inability to pay costs on appeal.
2. [2]  Furthermore, we note that Goodson did not timely tender the transcript to the clerk of this
Court. Goodson had until August 3, 1994, to tender the transcript for filing. See Tex. R. App.
P. 54(a). The clerk received the transcript on August 9, 1994. The record reflects that the
district clerk mailed the transcript. The postage-meter stamp affixed to the envelope in which the
transcript was mailed is dated August 5, 1994, and is not a United States Postal Service postage-meter stamp. Thus, even if Goodson tendered an affidavit or other satisfactory proof showing that
the district clerk deposited the transcript in the mail on August 5, 1994, Goodson may not rely
on Texas Rule of Appellate Procedure 4(b)'s "ten-day" rule because the transcript was not
deposited in the mail on or before the last day for filing it. Tex. R. App. P. 4(b).


 Goodson filed an untimely motion for extension of time to file the record. See Tex. R.
App. P. 54(c) (motion for extension of time must be filed not later than fifteen days after last date
for filing record). This Court cannot consider a late-filed motion for extension of time to file the
transcript or statement of facts. B.D. Click Company, Inc. v. Safari Drilling Corp., 638 S.W.2d
860, 862 (Tex. 1982). Failure to file the transcript timely is grounds for dismissing the appeal. 
Tex. R. App. P. 54(a).